N. C. PHILLIPS, Appellant, v. W. B. REED, Treasurer.

**Warrants of City o' Council Bluffs:** PROCEDURE: *Presentation.* Since Acts Twenty-second General Assembly, chapter 4, section 1, requiring cities of the first class to apply the current income of each year to payment of expenses of that year, by a proviso, did not apply to Council Bluffs, the payment of such warrants was governed by Acts Twenty-second General Assembly, chapter 3, section 2, requiring city warrants to be paid in the order of presentation, which presentation constituted a contract of precedence with warrant holders, which could not be impaired by subsequent legislation rendering the former act applicable to such city.

**Constitutional Limit on Municipal Debt:** OUTSTANDING WARRANTS: *Demurrer.* Though a petition which is demurred to alleges that the debt of a town is in excess of the constitutional limit, it will not be held that warrants to which those of plaintiff were being postponed were thus invalidated unless it is also alleged that when the warrants claiming precedence were issued the city did not have funds on hand available for and sufficient to meet them.

**Demurrer:** WHAT MAY BE CONSIDERED ON. In an action on city warrants claimed to be invalid because the city had exceeded its constitutional limit of indebtedness. the court cannot consider, on demurrer to the petition, finanical statements of the city, showing such indebtedness, not contained in the petition.

**Appeal:** REVIEW OF CONSTITUTIONAL QUESTION: *Presentation.* An appellate court will not consider the constitutionality of a statute, where such question was not argued before it

*Appeal from Pottawattamie District Court.*—HON. WALTER

I. SMITH, Judge.

MONDAY, OCTOBER 9, 1899.

ACTION for a mandamus to compel the defendant, who is treasurer of the city of Council Bluffs, to pay two certain warrants issued by said city. A demurrer to the petition was sustained, and, plaintiff electing to stand upon his pleading, judgment was rendered against him for costs. He appeals.—*Affirmed.*

*Mayne & Hazleton* for appellant.

*S. B. Wadsworth* for appellee.

WATERMAN, J.—Appellee does not question the sufficiency of the assignment of errors, and we are content, therefore, to assume that the matters discussed are presented by the record.

The facts in this case are similar to those involved in *Phillips v. Reed,* 107 Iowa, 331, decided by this court at the October term, 1898, but the present action is submitted upon a somewhat different theory. Plaintiff is the owner of two warrants issued by defendant city since October 1, 1897, the date when the present Code went into effect. It is alleged that these warrants were presented for payment, which was refused by defendant, although the city had sufficient money on hand, in the funds upon which they were drawn, to pay the same; that defendant refused to pay

said warrants because there are other warrants, issued in years prior to the year of the issue of the warrants in suit, which have been presented for payment, and, payment being refused for want of funds, have been so indorsed, as provided by law. And defendant claims the amount of these prior warrants is in excess of the moneys he has on hand. It is alleged "that at the beginning of the fiscal year 1896, and for a long time prior thereto, the said city was indebted, in bonded and other outstanding indebtedness, far in excess of the constitutional limit of indebtedness allowed for municipal corporations." The demurrer we set out in full: "Comes now the defendant in the above entitled action, and demurs to the petition of the plaintiff for the reason that the facts set forth therein do not entitle the plaintiff to the relief demanded, and for more specific reasons as follows, to-wit: First. That the warrants sued on in this action, as appears by the petition of the plaintiff, were issued for the current, ordinary, and necessary expenses of the city of Council Bluffs contracted since the 1st day of October, 1897. Second. That all of the warrants mentioned in the tenth paragraph of plaintiff's petition were issued for current, ordinary, and necessary expenses of the city of Council Bluffs previous to the 1st day of October, 1897, and that the same, together with all other warrants issued for the years 1896 and 1897, were within the limit of the amount of revenue received for such purposes during said years 1896 and 1897. Third. That all of the warrants as aforesaid which were issued previous to October 1, 1897, and which are now outstanding and unpaid, were, previous to the 1st day of October, 1897, presented to the city treasurer of the city of Council Bluffs, Iowa, and he, not having sufficient funds to pay the same or any part thereof, stamped each and all of said warrants, 'Not paid for want of funds,' all of which appears in the allegations contained in plaintiff's petition in this case. Fourth. That the law required no appropriations, previous to October 1,

1897, to be made by the city of Council Bluffs for any of
the expenses of the said municipality for the years 1896 or
1897, there being a saving clause in section 822 of McClain's
Revised Code of 1888 especially excepting the city of Coun-
cil Bluffs, which is a city of the first class, organized under
the general incorporation laws of the state of Iowa since
1881, which last statement appears in the first paragraph of
plaintiff's petition.  Fifth.  That said water fund warrants,
amounting to fifteen thousand one hundred and fifty dol-
lars, were issued for current, ordinary, and necessary
expenses of the city of Council Bluffs, Iowa, previous to
October 1, 1897, and were issued in pursuance of a con-
tract theretofore made between the city of Council Bluffs
and the Council Bluffs Waterworks Company.  Sixth.
Notwithstanding the fact that the supreme court of the
state of Iowa, in the case of *Phillips v. Reed,* has held that
the appropriation ordinances, and the sections of the Code
of 1897 governing the same, pledges the receipts of each
respective year to the payment of warrants drawn in such
years for the current, ordinary, and necessary expenses of
such years, the same cannot apply to the fifteen thousand
one hundred and fifty dollars in water fund warrants and
one hundred and seven thousand seven hundred and eighty-
three dollars and nine cents in general fund warrants issued
previous to October 1, 1897, when paragraph 16, section
668, of the Code of 1897, was not in force as to the city
of Council Bluffs, Iowa.  Seventh.  That, by the provisions
of section 720 of McClain's Revised Code of 1888, it is the
duty of this defendant, as the treasurer of said city, to use the
money now on hand in the water fund and in the
general fund, in so far as possible, for the payment
and liquidation of the water fund warrants and the
general fund warrants issued previous to October 1,
1897; the amount of said water fund and general
fund warrants being as stated in paragraph 10 of plain-
tiff's petition.  Eighth.  That by the provisions of the

law in force previous to October 1, 1897, and under which law the warrants mentioned in paragraph 10 of plaintiff's petition were issued, the holders of said warrants have the right to demand, and this defendant has no right to refuse, the payment of the money now in his hands belonging to the respective funds to the liquidation and payment of said warrants in the order in which the same were presented to the city treasurer, and marked, 'Not paid for want of funds.' Ninth. That in so far as the Code of 1897 provides that current revenues shall be used to pay the current expenses, to the exclusion of the payment of unpaid registered warrants issued and registered previous to October 1, 1897, the same is unconstitutional and void, for the reason that it impairs the obligation of contracts, and is contrary to section 21 of article 1 of the constitution of the state of Iowa, which provides that no 'law impairing the obligation of contracts shall ever be passed.' Tenth. That all warrants now outstanding that were issued and registered as provided by law previous to October 1, 1897, together with the law then in force, constituted a contract between the warrant holders and the city of Council Bluffs, an essential element in which contract was that said warrants should be paid by the city of Council Bluffs, through the treasurer thereof, in the order in which they had been presented to the treasurer for payment, and, in the absence of money to pay the same, were stamped, 'Not paid for want of funds,' as provided by law. Eleventh. That this defendant is obliged to use the money now in his hands, belonging to the respective funds, in so far as the same will suffice, to the payment of warrants mentioned in paragraph 10 of plaintiff's petition, and for this reason cannot legally use the money in his hands in the payment of the warrants demanded to be paid by the plaintiff in this case."

While the petition alleges that at the beginning of the year 1896, and long prior thereto, the city of Council Bluffs

was indebted in excess of the constitutional limit, it does not appear that the warrants for the payment of which plaintiff's warrants are postponed are invalid.

As we said in *Phillips v. Reed, supra,* "If the city had on hand or in prospect, at the time these warrants were issued, funds with which to meet them without trenching on the rights of creditors for current expenses of the city, then the warrants were valid, although such funds may have been thereafter applied to other purposes." The constitutionality of the indebtedness represented by the warrants which defendant seeks to allow precedence over these of plaintiff is not an issue in the case; and we may say that, if it were, we could give no consideration to the statement of the finances of said city for many years past which counsel for appellant have seen fit to incorporate in their argument. No such matter was contained in the petition, and the case, as already said, comes to us upon demurrer.

We held in the former case between these parties that under section 1, chapter 4, Laws Twenty-second General Assembly, that cities were required to first apply the current income of each year to the payment of the expenses of that year, and that the provision in section 2, chapter 3, of the same acts, which required city warrants to be paid in the order of their presentation, applied only to the warrants of a given year. But it is now urged on the part of appellee that section 1, chapter 4, Laws Twenty-second General Asembly, did not apply to the city of Council Bluffs. That section, as originally enacted, was as follows: "All cities of the first class' shall make their appropriation for all the different expenditures of the city government for each fiscal year at or before the beginning thereof, and it shall be unlawful for the city council or any officer, agent, or employe of the city, to issue any warrant, enter into any contract or appropriate any money in excess

of the amount thus appropriated for the different expenses of the city during the year for which such appropriation shall be made, and any such city shall not appropriate in the aggregate, an amount in excess of its annual, legally authorized revenue, but nothing herein shall prevent such cities from anticipating their revenues for the year for which such appropriation was made or from bonding or refunding their outstanding indebtedness: provided that this section shall not apply to cities of the first class, organized since 1881." The petition, as we have it, alleges that Council Bluffs is a city of the first class, organized since 1891. The arguments of both parties indicate that this date, as it appears in the abstract, is a clerical error, and that it should be 1881. The act in question was passed in the year 1886. We shall treat the case as it is argued, and consider the city as being clearly within the terms of the proviso. If, then, this section, which provides that municipalities must first pay current expenses from current revenues, did not apply to Council Bluffs, section 2, chapter 3, Laws Twenty-second General Assembly, which provided for the payment of warrants in the order of their presentation, had full effect, and applied to all warrants issued by the city prior to the adoption of the Code, when the proviso to section 1, chapter 4, was dropped. The effect of the requirement that warrants shall be paid in the order of the presentation is to create a contract for precedence with the warrant holders, which could not be impaired by subsequent legislation. *People v. Austin,* 11 Colo. Sup. 134 (17 Pac. Rep. 485); *Taylor v. Brooks,* 5 Cal. 332; *People v. May,* 8 Colo. Sup. 485 (9 Pac. Rep. 34); *Western Saving Fund Soc. of Philadelphia v. City of Philadelphia,* 31 Pa. St. 175.

It is suggested, but not argued, by appellant that the proviso is invalid. We set out all that is said on the subject: "We concede that the city of Council Bluffs was at the time of the passage of chapter 4, Acts Twenty-second Gen-

eral Assembly, 'a city of the first class organized since 1881,' and submit to this court whether the proviso to section 1 therein is good, if it was, as is claimed for it, put in there only that Council Bluffs should be relieved from the liabilities and restrictions therein contained. Should this court conclude that this proviso is good, and that it included Council Bluffs, and is material, we still insist that Council Bluffs had at the time of the passage of chapter 4, Acts Twenty-second General Asembly, and in each and every year since, as complete a restriction as section 1 thereof would impose without the proviso." If this provision is void, it must be upon constitutional grounds; and we are not inclined, nor would it be proper for us, to go out of our way in search of such reason for setting aside the legislative will. The rule that we will not pass upon questions not argued applies with double force to constitutional questions. We may very properly add here that no sufficient reason occurs to us for declaring this proviso invalid.

Something is claimed by appellant for the fact, as asserted, that section 2 of chapter 4 is applicable to defendant city. This interpretation is not well founded. Section 2 refers only to the cities included in section 1.

Inasmuch as it was defendant's duty to apply the funds in his hands to the payment of warrants in the order of their presentation, and as the amount of such warrants outstanding and properly indorsed exceeded the amount of the moneys on hand, we are of the opinion that the court below made a proper disposition of this case and its judgment is therefore AFFIRMED.