[No. 6100. Decided August 28, 1906.]

THE STATE OF WASHINGTON, on the Relation of Robert E. Strahorn, Respondent, v. JAY E. STOUT, as City Treasurer of South Bend, Appellant.[1]

MUNICIPAL CORPORATIONS — WARRANTS — INTEREST. A municipal warrant for a sum due and payable by the city draws interest at the legal rate from the date it is presented for payment and payment refused for want of funds.

SAME — POWERS — CONTRACT TO PAY INTEREST ON WARRANTS. By Bal. Code, § 938, cities of this state are authorized to agree to pay interest on their warrants, and where they have done so by ordinance the ordinance is a valid contract to pay interest on warrants subsequently issued.

[1]Reported in 86 Pac. 848.

Appeal from a judgment of the superior court for Pacific county, Rice, J., entered November 2, 1905, in favor of tho relator, after a hearing on the merits, granting a writ of mandamus to compel the payment of municipal warrants with interest. Affirmed.

*Chas. E. Miller,* for appellant.

*Welsh & Welsh* and *Kerr & McCord,* for respondent.

MOUNT, C. J.—Between January 1 and May 2, 1893, the city of South Bend, a city of the third class, caused certain warrants to be issued on its general fund. These warrants were issued for necessary current expenses of the city, and aggregated the sum of $553.05. They were drawn in the usual form, payable to the order of the drawee. Immediately after their several dates of issue, the warrants were presented to the city treasurer for payment and were indorsed by the city treasurer "Not paid for want of funds." Subsequently the warrants passed into the hands of respondent by assignment for value. In June, 1905, funds accumulated in the hands of the city treasurer available to pay the warrants, which were thereupon presented for payment. The city treasurer offered to pay and tendered the face of the warrants, but refused to pay any interest thereon. At the time the warrants were issued and, also, at the time they were presented for payment, there was in force an ordinance of the city providing that, when such warrants were presented for payment and payment refused for want of funds, they should be indorsed, "Not paid for want of funds," and should thereafter bear interest at the rate of ten per cent per annum. Respondent declined to accept less than the face of the warrants, with interest at the rate of ten per cent per annum, and brought this action in mandamus against the city treasurer, who appeals from an order requiring him to pay the warrants with interest.

The only question presented on this appeal is whether the warrants bear interest. It is contended by the appellant that

cities are agents of the state, a part of the sovereign power, and cannot incur obligations except by statute or organic law, and that at the time these warrants were issued there was no statute authorizing cities to issue interest-bearing obligations. It is conceded that the statutes then in force are found in 1 Hill's Code, as follows:

"§ 2795. The legal rate of interest shall be ten per centum per annum.

"§ 2796. Any rate of interest agreed upon by parties to a contract, specifying the same in writing, shall be valid and legal."

Appellant insists that these provisions apply only to the ordinary contracts of individuals, and do not apply to cities. In the case of *Seymour v. Spokane,* 6 Wash. 362, 33 Pac. 832, this court held that municipal corporations were liable for interest upon their warrants from the time of refusal to pay for want of funds, where there was no statute requiring the payment of interest. It was there said:

"An amount of money due from a city or other municipal corporation should draw interest until it is paid, the same as if due from a private person; and while it is probably true that, under the strict rules of law, interest could not be collected upon money due and unpaid by a municipal corporation without some legislative provision therefor, there is no good reason for such rule."

In the case of *Union Sav. Bank & Trust Co. v. Gelbach,* 8 Wash. 497, 36 Pac. 467, 24 L. R. A. 359, this court held that a county warrant is a contract to pay money, and bears interest at the legal rate.

"The rule in respect to *interest on debts* against municipal corporations does not ordinarily differ from that which *applies to individuals.*" 1 Dillon, Mun. Corp. (4th ed.), § 506.

In some states it has been held that, in the absence of statutory authority, a municipality cannot provide for the payment of interest on its warrants; but it is said in 21 Am. &

Eng. Ency. Law (2d ed.), p. 26: "The contrary, however, seems to be the better doctrine, especially as regards municipal corporations proper." The authorities are there cited in note 7. See, also, *Monteith v. Parker,* 36 Ore. 170, 59 Pac. 192.

It is not necessary, however, to rest the decision of this case upon that point, for it is conceded that the city of South Bend, prior to the time these warrants were issued, passed an ordinance agreeing to pay interest on such warrants from the date of presentment and indorsement "Not paid for want of funds." Conceding that the city is an agency of the state and a part of the sovereign power, and can incur no obligation except by authority of the state, we find that the state has conferred upon such city the power,

"To pass ordinances not in conflict with the constitution and laws of this state or of the United States. . . . 21. To make all such ordinances, by-laws, rules, regulations and resolutions, not inconsistent with the constitution and laws of the state of Washington, as may be deemed expedient to maintain the peace, good government and welfare of the corporation and its trade, commerce and manufacture." Bal. Code, § 938 (P. C. § 3488 ).

There is no prohibition in either the constitution or laws of the state against the city agreeing to pay interest on its warrants or contracts of any kind. The city, therefore, must be held to have had authority to pass the ordinance.

We do not understand that the validity of the ordinance is questioned, except that appellant contends that the state itself should have passed a statute making such cities liable for interest before the city could do so. This, of course, does not follow, because the state may grant such power to the city. The provision above quoted from the city charter granted by the legislature is broad and general. It undoubtedly gave to cities of the class named the right to provide for the payment of interest upon warrants issued for necessary current ex-

penses. Such ordinance constituted a. valid contract to pay interest. *Shipley v. Hacheney,* 34 Ore. 303, 55 Pac. 971; *Naar v. City of Trenton,* 42 N. J. L. 500; *Scranton v. Hyde Park Gas Co.,* 102 Pa. St. 382.

The judgment appealed from is affirmed.

CROW, DUNBAR, ROOT, and FULLERTON, JJ., concur.