[Alabama City, G. & A. Ry. Co. v. City of Gadsden.]

# Alabama City, G. & A. Ry. Co. *v.* City of Gadsden.

## *Assumpsit.*

(Decided December 4, 1913.   64 South. 91.)

1. *Municipal Corporations; Contracts; Warrants; Interest.*—A resolution by the mayor and aldermen of a city that interest bearing warrants be issued to a lighting company, whose claim was past due, which resolution was entered upon the minutes and carried into effect by the clerk by interlineations in the then outstanding warrants of the provision for interest must be construed as an agreement to pay interest in consideration of the lighting company continuing to furnish light to the city.

2. *Same.*—A resolution by the proper city authority that interest bearing warrants be issued covering the amounts due plaintiff applied only to warrants then due and oustanding, but was not applicable to future indebtedness.

3. *Same; Authority of Clerk.*—Where the resolution authorized the clerk to issue interest bearing warrants to a lighting company covering the amounts then due, the action of the clerk in issuing warrants bearing interest for debts subsequently accruing was not binding on the city.

4. *Same; Payment; Application.*—A payment to the holder of city warrants having been accepted as a payment of the principal, with the understanding that the right to more interest than paid should be settled in the court, the question whether the amount so paid should be applied first to the payment of the interest was eliminated from the case.

5. *Same.*—Where, by resolution, interest bearing warrants are authorized upon claims then past due, and this agreement was carried into effect by the interlineation in the outstanding warrant of the interest provision, the holder was entitled to interest for the time payment was thereafter further deferred.

6. *Same.*—Municipal corporations may contract for the payment of interest on warrants drawn to cover ordinary municipal debts, unless there is some constitutional or statutory inhibition.

7. *Same.*—The provisions of section 1205, Code 1907, recognize the power of the municipality to contract to pay interest, and it did not require further. presentations of warrants upon which the city had agreed to pay interest upon demands made prior to the enactment of such statute.

8. *Same.*—City warrants ordinarily draw interest, if at all, only after they are presented to the disbursing officer and payment denied for want of funds, since a municipal corporation, unlike a private person is not bound to seek its creditor.

[Alabama City, G. & A. Ry. Co. v. City of Gadsden.]

9. *Same.*—Where a city is confessedly unable to pay warrants and after negotiation agreed to pay interest thereon so as to effect a postponement of payment, such negotiations and agreement were equivalent to a presentation for payment.

10. *Same; Interest; Time.*—Where no date for the payment of interest bearing city warrants was stipulated, interest on the interest due should be allowed from the date of beginning the suit, which event fixed the time when the interest became due and payable.

11. *Same; Claim; Presentation.*—A municipality cannot, by ordinance, impose upon its creditors the duty-of presentation of claim as a condition to the bringing of the suit.

12. *Same.*—Section 1191, Code 1907, is a statute of non-claim, and a presentation within its provisions is not a prerequisite to the bringing of a suit.

13. *Same; Contract; Formal Requisites.*—An informal agreement by the mayor and aldermen that interest should be paid on plaintiff's claims was of no effect, where it was not entered upon the minutes of the board for fear other creditors would demand interest.

14. *Same.*—The law requires a record of the proceedings of the mayor and aldermen so that those acting under the same may have no occasion to look beyond it, and to avoid leaving such proceeding to be proved by parol and to make it certain that rights shall not depend on the mere recollection of witnesses.

15. *Interest; Recovery; Distinct Cause of Action.*—Where the payment of interest is provided for by contract, it constitutes an integral part of the debt, as much so as the principal itself, and an independent action for its recovery may be maintained notwithstanding payment of the principal has been made and accepted.

16. *Same.*—The general rule is that when the principal subject of a claim is extinguished by the act of the holder, or of the parties acting in unison, all of its incidents go with it, and this rule is applicable where interest is awarded in the way of damages; it being recoverable only in an action for the principal and not constituting a separate claim.

17. *Accord and Satisfaction; Evidence.*—The evidence examined and held not to establish an accord and satisfaction; since to constitute accord and satisfaction a sum less than the amount actually due must have been accepted in full settlement of the disputed claim.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE. ·

Assumpsit by the Alabama City, Gadsden & Attalla Railway Company against the city of Gadsden to recover interest on city warrants. Judgment for defendants and plaintiff appeals. Reversed and remanded.

O. R. HOOD, for appellant. Although the principal sum had been paid, still plaintiff was entitled to recov-

er the interest on the warrant.—22 Cyc. pp. 1570-72, where the two rules are clearly stated. Under the evidence, however, the principal debt had not been paid. The evidence utterly fails to establish an accord and satisfaction.—*Hodge v. Tenn. I. Co.,* 123 Ala. 572; *Roach v. Warren Co.,* 151 Ala. 302; *Hand L. Co. v. Hall,* 147 Ala. 561. It is necessary to disclose a consideration supporting accord and satisfaction, and hence, demurrers to plea J should have been sustained.—*Scott & Sons v. Rawls,* 159 Ala. 399. The city had the right to make the contract.—*Selma v. Mullins,* 46 Ala. 411; *Elec. L. Co. v. Montgomery,* 114 Ala. 43; *Allen v. La-Fayette,* 89 Ala. 641.

M. C. SIVLEY, for appellee. Interest is allowed only as damages after maturity of debt and cannot be recovered in a separate action.—*Westcott v. Waller,* 47 Ala. 497; 127 Ala. 257; 21 N. W. 333; 153 U. S. 784; 44 N. C. 335. At common law interest is not recoverable at all.—2 Jacobs' Law Dict. 373. The same rule applies to cities as to state and counties and interest is not recoverable.—83 Am. Dec. 245. A receipt of the principal debt is a bar to a claim for interest.—22 Cyc. 1572. The complaint should have averred the filing of the claim. —*Barrett v. Mobile,* 129 Ala. 185. The interlineations in the warrants of the interest provision was unauthorized and not binding on the city.—*Cox, et al. v. C. & W. R. R. Co.,* 91 Ala. 393; *B. R. L. & P. Co. v Seaborn,* 168 Ala. 662. Resolutions and actions of the city council not incorporated in the minutes and records of the proceedings, are of no effect.—2 Dill. Mun. Corp. sec. 58; *Perryman v. Greenville,* 51 Ala. 511. These matters are not capable of being shown by parol evidence.— *Crenshaw County v. Sikes,* 113 Ala. 628; *City of Greenville v. Water Works Co.,* 125 Ala. 643. An accord and

satisfaction was shown.—*Hand L. Co. v. Hall*, 147 Ala. 563; *Barron v. Vandevert*, 13 Ala. 232; *Hanson v. Todd*, 95 Ala. 329.

SAYRE, J.—Appellant company had been furnish-ing light to the city of Gadsden under a contract calling for monthly settlements, and appellee had fallen far behind in making payment. Appellant demanding its money, and appellee being unable to pay, negotiation between them resulted in the adoption of a resolution by the board of mayor and aldermen on October 1, 1906, as follows: "Resolved by the mayor and board of aldermen of the city of Gadsden that warrants be issued covering the amounts due, bearing interest at the rate of eight per cent. per annum, and the clerk be instructed to issue said warrants." The resolution was shown by the minutes of the board, and was carried into effect, so far as concerned the issue of warrants, by the clerk's interlineation of words into then outstanding warrants which imported that they were to bear interest. Viewed in connection with the evidence as to the previous contention between the parties, we think this resolution cannot be fairly construed otherwise than as. an agreement on the part of the city, on the consideration that appellant would continue to carry the warrants then due and continue to furnish light under its contract, to pay interest on warrants then due and outstanding We find no sufficient justification in the language employed for an interpretation which would bring future indebtedness within the scope and influence of the resolution. For a time the clerk issued warrants for subsequently accruing claims on account of light furnished which purported to bear interest. But this feature of the later warrants created no obligation on the city for the reason that in wording them as interest bear-

ing the clerk acted without authority. True, there was testimony going to show an informal agreement by the members of the board of aldermen of later date that interest should be paid; but this agreement found no place upon the record of the proceedings of the board of aldermen. In fact, the understanding of the parties and the direction of the board was that the so-called agreement should not be spread upon the minutes, this because it was supposed that publicity in the matter would stimulate other creditors of the city to demand interest on their deferred claims and because there was an appreciation of the consideration that all creditors in like case were entitled to like treatment. This manner of dealing with the so-called agreement rendered it null and of no effect. "The law requires a record to the end that those who may be called to act under it may have no occasion to look beyond it; to avoid the mischief of leaving municipal corporate action to be proved by parol evidence; to make it certain that rights which have accrued under such actions shall not be destroyed or affected by the always fallible and often wholly unreliable recollection of witnesses, however truthful and intelligent they may be."—2 McQuillan, Munn. Corp. p. 1358. This is the doctrine of our cases. —*Perryman v. Greenville,* 51 Ala. 507; *Greenville v. Water Works Co.,* 125 Ala. 625, 27 South. 764.

On January 1, 1909, a number of warrants in favor of appellant, including those covered by the resolution of October 1, 1906, and as well others of later issue, were presented to the city treasurer for payment; but payment was denied for lack of funds. On December 31, 1909, appellant received payment of the principal of all these warrants with interest from the date of presentation to the treasurer, such interest being paid under authority of section 1205 of the Code of 1907 (Act

of Aug. 13, 1907, p. 820, § 54), which provides that, "if no interest is stipulated to be paid on warrants drawn upon the treasurer and not paid for want of funds, then the legal rate shall be allowed from the time of presentation," etc., the denial of interest for the antecedent time being based, as the brief for appellee would seem to indicate, upon the theory that the municipality was without authority to contract for the payment of interest.

This action was brought to recover a balance due of interest claimed. The evidence shows very clearly that appellant (plaintiff below) has received the principal of the debt in controversy and received the same as a payment of the principal with the understanding and purpose that the contention as to whether appellee was further liable on account of interest should be settled by a resort to the courts, thus eliminating all question as to whether the amount so received should be applied first to the payment of interest.

Our judgment is that appellant was also entitled to interest upon the indebtedness covered by the resolution-contract of October 1, 1906, to the date of the payment made, less of course, any interest then paid. In view of the city's inability to meet its obligation to appellant at the time, the meaning of the contract was that appellant should receive interest during the time payment should be further deferred.

Municipal corporations, in the absence of constitutional or statutory inhibition, may contract for the payment of interest on their warrants drawn to cover ordinary debts.—2 Am. & Eng. Encyc. (2d Ed.) 26; *State v. Stout*, 43 Wash. 501, 86 Pac. 848, 10 Ann. Cas. 208, note. Section 1205 of the Code, to which we have referred, recognizes this law. This section did not, however, operate to require further presentation of the

claim upon the indebtedness affected by the resolution-contract of October 1, 1906. Ordinarily, city warrants draw interest, if at all, after they have been presented to the disbursing officer and payment denied for want of funds, this because a municipal corporation, unlike a private person, is not bound to seek its creditors.—10 Ann. Cas., supra. The negotiation and agreement between the parties to this case, had in view of the city's confessed inability to pay, and with the intent and effect of postponing the date of payment, was the equivalent of a presentation within the rule of the authorities. It established between the parties that status which exists between private persons standing in the relation of debtor and creditor plus an express agreement to pay interest.

Appellee insists that appellant's suit should not be entertained for the reason that it seeks to recover interest only; that the right to recover interest, which is a mere incident to and increment of the principal debt, was lost when payment of the principal was accepted. The general rule is that when the principal subject of a claim is extinguished by the act of the plaintiff, or of the parties acting in unison, all its incidents go with it. Such is the rule where by statute or the practice of the courts interest is awarded in the way of damages. In such case it does not constitute a distinct claim and can only be recovered in an action for the principal; but, where the payment of interest is provided for by contract, it constitutes an integral part of the debt, as much so as the principal debt itself, and an independent action for its recovery may be sustained notwithstanding payment of the principal as such has been made and accepted.—22 Cyc. 1571 et seq. · Our cases hold nothing to the contrary. In *Westcott v. Waller*, 47 Ala. 492, payment of the principal by a debtor of doubtful solvency was made and received in full satis-

faction. That was held to be a good accord and sat-
isfaction. In *Crowder v. Red Mountain Mining Co.,*
127 Ala. 254, 29 South. 847, the pertinent ruling was
that a contract void as to the principal debt was void
also as to any interest accruing on such principal.
Other cases cited by appellee to this point may be dis-
criminated from the case at hand by the fact that in
them there was no express contract to pay interest.

Appellee contends that there was an accord and sat-
isfaction when appellant accepted the principal of its
debt and such increment of interest as the appellee was
willing to pay. This contention presents an issue of
fact, depending upon the intent with which the pay-
ment was made and received, and must upon the testi-
mony be resolved in favor of appellant. The board of
mayor and aldermen had determined to pay the amount
which was subsequently paid upon condition that ap-
pellant would receive same in full of its claim. Appel-
lant did not agree. The matter was then referred to
a committee consisting of the mayor and some mem-
bers of the aldermanic board, which committee was
raised to disburse the funds secured by an issue of
bonds to pay the city's floating debt, and had power to
act in the premises. This committee authorized the
mayor to settle appellant's claim as the board of may-
or and aldermen had proposed. But in fact appellant
settled with the distinct understanding on its part that
it would not yield its claim to the interest here sued
for and would seek to determine its right thereto in an
action at law. Appellee seems to base its contention for
its plea of accord and satisfaction on the idea that the
mayor, acting for the committee, which in turn was act-
ing for the board of the mayor and aldermen, had no
authority to make payment except upon the condition
that it should be accepted in full of appellant's claim.
But the question of the mayor's authority is not in-

[Alabama City, G. & A. Ry. Co. v. City of Gadsden.]

volved. The question is upon what understanding appellant, assuming of course that it acted in good faith and without misleading appellee's agent or agents, received the payment, and the proof is as we have stated it. On these facts there was no accord and satisfaction. To constitute an accord and satisfaction the sum less than the amount actually due must have been accepted by appellant in full settlement of its disputed claim.—*Hodges v. Tennessee Implement Co.,* 123 Ala. 572, 26 South. 490.

We have decided that section 1191 of the Code of 1907 is a statute of nonclaim, and that presentation within its provision is not prerequisite to the bringing of a suit.—*Anderson v. Birmingham,* 177 Ala. 302, 58 South. 256. It hardly seems necessary to say that the municipality could not by ordinance impose the duty of prior presentation upon creditors of the city. In sustaining the demurrer to the complaint on the ground that it failed to aver a presentation of the claim to the city council or the clerk before suit brought, if that was the ground upon which the ruling proceeded, the court erred.

Interest on the interest due, in the circumstances of this case, no date for the payment of the deferred warrants having been stipulated, should be allowed, it seems, from the date of the bringing of the suit. That event fixed the time when interest under the contract became due and payable.—*Ragland v. Wood,* 71 Ala. 145, 46 Am. Rep. 305; *Stickney v. Moore,* 108 Ala. 590, 19 South. 76.

In order that a judgment may be rendered in accordance with our views, the evidence remaining the same, the judgment will be reversed, the cause remanded.

Reversed and remanded.

McCLELLAN, MAYFIELD and SOMERVILLE, JJ., concur.