[S. F. No. 15114. In Bank.—June 29, 1934.]

MARIE VOORHEES, Petitioner, v. H. C. MORSE, as City Treasurer, etc., Respondent.

Nowland M. Reid, City Attorney, Geo. W. Trammell, Jr., Assistant City Attorney, and John O. Palstine, Deputy City Attorney, for Petitioner.

Denio, Hart, Taubman & Simpson and Matthew C. Simpson for Respondent.

CURTIS, J.—On January 17, 1934, the city council of the City of Long Beach passed and adopted ordinance No. C-1244, entitled, "An Emergency Ordinance Providing for the Registration and Redemption of Warrants Drawn upon the City of Long Beach; Providing for the payment of Interest upon Such Registered Warrants, and Providing for the Priority of the Payment of Such Registered Warrants." On February 17, 1934, said city council passed and adopted Ordinance No. C-1251, amending Ordinance No. C-1244, which later enacted ordinance was entitled: "An Emergency Ordinance Amending Section One of Or-

dinance No. C–1244 Providing for the Registration and Redemption of Warrants Drawn upon the Treasurer of the City of Long Beach; Providing for the Payment of such Registered Warrants, and Providing for the Priority of the Payment of such Registered Warrants."

Ordinance C–1244 provided that whenever the city auditor of the City of Long Beach draws his warrant upon the City Treasurer of said city payable out of any fund in the city treasury and such warrant represents an amount in excess of the unapplied money in said fund, the city auditor shall, upon the date that such warrant is drawn, present such warrant to the City Treasurer, who shall indorse upon the back thereof the date of presentation by the city auditor and that the same is not paid for want of money in the fund upon which such warrant is drawn, and bears interest at the rate of six per cent per annum from date of registration to and including the date upon which the City Treasurer advertises that such warrant is payable upon presentation, after which indorsement the City Treasurer shall return such warrant to the city auditor for distribution. Thereafter whenever the city auditor deems that there are sufficient moneys in any fund in the city treasury upon which warrants have been drawn and registered to pay in the order of their priority, all or some of the registered warrants outstanding against said fund, together with interest thereon as provided, the city auditor shall notify the treasurer of such fact and of the number of warrants which can be redeemed. The City Treasurer shall immediately publish notice that such warrants are redeemable by advertising one time in the official newspaper of said city. Warrants registered in accordance with the provisions just recited shall cease to bear interest on the date following said publication. Warrants registered as provided in said ordinance, together with interest thereon as provided in said ordinance, shall constitute a prior lien, in the order of registration of said warrants on any moneys thereafter received into the fund in the city treasury upon which such warrants are drawn, and such warrants and interest thereon as provided in said ordinance shall be paid in the order of their registration. It is further provided that such registered warrants shall not take priority over

unregistered warrants drawn upon the same fund and outstanding at the time of such registration, and that the auditor shall furnish the treasurer a list of all unregistered warrants drawn and unpaid prior to the effective date of said ordinance. Upon the presentation of any registered warrant to the City Treasurer for payment, after said City Treasurer has published notice that such warrant is redeemable, the City Treasurer shall pay to the payee of said warrant, or his assignee, the amount for which said warrant is drawn, together with interest thereon at the rate of six per cent per annum from date of registration of said warrant to and including the date upon which said City Treasurer advertised that such warrant would be payable upon presentation, said interest to be paid from the city fund. It is further provided that "unapplied money" as used in said ordinance means money in any fund in the city treasury for which outstanding warrants have not been already drawn, and which would remain in such fund if all outstanding warrants drawn upon such fund were paid. Section 2 of said ordinance purports to set forth a statement showing that said ordinance was an emergency measure, and section 3 thereof provides that the city clerk should cause the same to be posted in three conspicuous places in said city and that it should thereupon take effect.

Ordinance No. C–1244 was amended by Ordinance No. C–1251 in two respects. The provision in Ordinance No. C–1244 that "whenever the city auditor deems that there are sufficient moneys in any fund in the city treasury upon which warrants have been drawn and registered to pay in the order of their priority, *all or some of the registered warrants* outstanding against such fund, he shall notify the city treasurer which warrants are to be redeemed," was amended to read as follows: "Whenever from time to time, there are sufficient moneys in any fund in the treasury upon which warrants have been drawn and registered, to pay in the order of their priority, *all or at least five or more of the registered warrants* outstanding against such fund, together with interest thereon as herein provided, the city auditor shall notify the city treasurer of such fact and of the number of warrants which can be redeemed." The other change made in Ordinance No. C–1244 by the amend-

ment thereof by Ordinance No. C–1251 related principally to the fund out of which the interest on registered warrants should be paid. By Ordinance No. C–1244 this interest is to be paid by the City Treasurer from the city fund. By Ordinance No. C–1251 this provision was changed to read as follows: " . . . said interest to be paid from the same fund out of which the principal of said warrant is paid, and the city treasurer shall be entitled to credit for the amount of the interest so paid." Section 2 of Ordinance No. C–1251 as to the emergency of said ordinance, and section 3 as to the effective date thereof are the same as those contained in Ordinance No. C–1244.

The petition herein set forth three distinct causes of action based upon three separate warrants drawn by the city auditor against the public welfare fund of said city and registered by said City Treasurer. The warrant set forth in the first cause of action was issued and registered under Ordinance No. C–1244, and those set forth in the second and third causes of action were issued under Ordinance No. C–1251. By her first cause of action the petitioner seeks to compel the City Treasurer to pay the amount of said warrant out of the public welfare fund, together with interest thereon out of the city fund. By her second and third causes of action the petitioner seeks to compel the payment of two of said warrants, together with interest on the first of said warrants from the respective dates of their presentation, out of the public welfare fund of said city. The facts under which the petitioner asks payment of the warrant upon which the third cause of action is based differ materially from those under which payment of the other two warrants is demanded. This difference in the facts involving these warrants will be considered in detail when we come to the discussion of the third cause of action. A return of the alternative writ issued by the court on the filing of the said petition makes no denial of any of the alleged facts. The questions therefore presented for decision are purely questions of law.

We will, for reasons which we think will later appear in the course of the opinion, devote our attention in the first instance to petitioner's second cause of action and the warrant upon which this cause of action is predicated. This

warrant, as we have already intimated, was drawn, registered and presented for payment under the provisions of Ordinance No. C–1251. The amount thereof was the sum of $66.25. It was issued by the city auditor upon the City Treasurer in payment of the claim of the Long Beach Community Hospital against the City of Long Beach. It bears date, February 17, 1934, and was drawn on the public welfare fund of said city. The amount stated in said warrant was at said time due, owing and unpaid from said City of Long Beach out of the public welfare fund to the payee therein named. At the time it was drawn it represented an amount in excess of the unapplied money in the public welfare fund in the city treasury of said city, that is, at the time said warrant was drawn there was not in said public welfare fund sufficient money to pay said warrant as well as all outstanding warrants drawn upon said fund. Thereupon, pursuant to said Ordinance No. C–1251, said city auditor, on said seventeenth day of February, 1934, and after the effective date of said ordinance, presented said warrant to the said City Treasurer, who thereupon, on said seventeenth day of February, 1934, indorsed upon the back thereof the date of such presentation by said city auditor and that the same was not paid for want of money in said public welfare fund and that said warrant bore interest at the rate of six per cent per annum from the date of said indorsement to and including the date upon which the City Treasurer should advertise that said warrant was payable upon presentation. Such indorsement, according to the terms of said Ordinance No. C–1251, constituted a registration of said warrant. Said warrant was the first warrant drawn upon said public welfare fund which was registered pursuant to said Ordinance No. C–1251 and was registered under registration No. A 13a. Prior to the registration of said warrant and prior to the effective date of said Ordinance No. C–1251, the City Treasurer had registered against said public welfare fund pursuant to Ordinance No. C–1244 thirteen warrants which were numbered consecutively A 1 to A 13, both inclusive, all of which were outstanding and unpaid at the time of the registration of Warrant No. A 13a. After the registration of warrant No. A 13a by the City Treasurer it was returned to the

city auditor and by the city auditor delivered to the payee therein named, who for a valuable consideration assigned and delivered the same to the petitioner herein, who was the legal and lawful owner thereof at the institution of these proceedings. On February 19, 1934, there were sufficient moneys in said public welfare fund to pay said warrant No. A 13a, together with interest thereon as provided in said Ordinance No. C–1251, as well as sufficient moneys to pay said warrants Nos. A 1 to A 13, both inclusive, and also all unregistered warrants drawn upon said public welfare fund and outstanding at the time of the registration of any of the said above-mentioned registered warrants, and said moneys in said public welfare fund at said time had been properly apportioned to said fund. On said day the city auditor notified the City Treasurer of the condition of the public welfare fund as stated above and thereupon the City Treasurer, on February 20, 1934, gave notice by publication, pursuant to said Ordinance No. C–1251, that all such warrants, including warrant No. A 13a, were payable upon presentation to the City Treasurer of the City of Long Beach. On February 21, 1934, petitioner presented said warrant No. A 13a to the City Treasurer and demanded payment thereof together with interest thereon from date of registration to the date upon which said City Treasurer advertised that such warrant would be payable upon presentation, at which time there were sufficient moneys in said public welfare fund to pay said warrant and said interest, as well as sufficient moneys to pay all warrants registered against said fund prior to the registration of warrant No. A 13a and also all unregistered warrants drawn upon said fund and unpaid at the time petitioner demanded payment of warrant No. A 13a. The City Treasurer then and there refused, and continues to refuse, to pay said warrant No. A 13a, or any part of the principal or the interest thereon.

In stating the grounds justifying the institution of this proceeding in the first instance to this court, petitioner alleges that the financial condition of the city treasury of the City of Long Beach is such and will so continue for some time that additional warrants totaling several hundred thousands of dollars will be drawn and must be registered await-

ing the receipt of money in the city treasury sufficient to pay the same and that the same condition prevails in many if not all other municipalities in the state. From this and other statements contained therein, and in the return of respondent, and the briefs of the respective parties hereto, it appears that grave doubts existed as to the validity of the registration of warrants as provided in the ordinances ·herein referred to and particularly as to those provisions thereof which create a liability against the city to pay interest on said warrants after their registration. It further appears from these same sources that due to the economic conditions prevailing in the state it would be difficult, if not impossible, for many municipalities of the state to function as such unless the plan adopted by the City of Long Beach and set forth in said ordinances, or some plan similar thereto, can be devised and followed whereby such municipalities can meet the current expenses of maintaining and carrying on their governmental affairs. In fact, many of the municipalities of the state, including the city of Long Beach, have found themselves in the condition similar to that which prevailed in the state by reason of which the last legislature found it necessary to enact legislation for the purpose of relieving the state's financial distress. This legislation is contained in chapter 605 of the Statutes of 1933 (Stats. 1933, p. 1547) and is entitled, ''An Act to add Section 441 to the Political Code, relating to the registration of warrants and the payment of obligations of the State to make an annual appropriation therefor, and to repeal an act entitled, 'An act concerning the office of Treasurer of State,' approved March 16, 1855, and to declare that this act shall take effect immediately.'' By this act the legislature provided a plan or scheme of registering warrants of the state when there were insufficient moneys in the state treasury in the several funds on which they were drawn to pay them at the respective date when they were drawn. A reading of this act will show that the plan or scheme provided by the state for the registration and payment of warrants and the payment of interest thereon when there were insufficient moneys in the state treasury to pay the same is in principle practically the same as that adopted by the City of Long Beach and set out in

Ordinance No. C–1251 of said city. This act of the legislature was before this court in the recent proceeding entitled *Riley* v. *Johnson,* reported in 219 Cal. 513 [27 Pac. (2d) 760]. It was held in the opinion in that proceeding that there was no provision in the Constitution prohibiting the registration of state warrants and the payment of interest on said unpaid warrants, and therefore the legislature had full power to provide for the registration and indorsement of warrants unpaid for the lack of funds and for the payment of interest on such unpaid warrants. Petitioner relies upon our decision in that proceeding and contends that a similar determination should be made in the present action.

The City of Long Beach is governed by a freeholders' charter adopted and in effect long prior to the enactment of either of the ordinances involved herein. In said charter it availed itself of the provisions of the Constitution, sections 6 and 8 of article XI thereof, "to make and enforce all laws and regulations in respect to municipal affairs, subject only to the restrictions and limitations provided in" its charter. By the provisions of its charter the City of Long Beach has made itself independent of general laws in all matters of exclusively municipal concern, and its power to enact laws and regulations in respect to its municipal affairs is subject only to the limitations provided in its charter and in the Constitution. (*Bank* v. *Bell,* 62 Cal. App. 320 [217 Pac. 538]; *Civic Center Assn.* v. *Railroad Com.,* 175 Cal. 441 [166 Pac. 351].) It is conceded that regulations as to the registration of warrants for lack of funds and the payment of interest thereon are a matter of exclusively municipal concern. Any limitation upon the City of Long Beach to exercise this power, if any exists, must be found in the Constitution of the state or in the charter of said city.

The only section of the Constitution which respondent contends renders void or illegal the provision in Ordinance No. C–1251, providing for the payment of interest on unpaid warrants is section 18, article XI, which prohibits the incurring by a municipality of an indebtedness or liability exceeding the income and revenue for that year. Respondent argues that the obligation to pay the interest is unlimited in that it cannot be escaped so long as there are

insufficient funds to pay all of said warrants, and that the period for which the city obligates itself to pay interest on said warrants may, and in all probability will, extend beyond the fiscal year, the revenues of which must be resorted to exclusively for the payment of the expenses incurred during said year. We are unable to agree with respondent in this contention. The interest is payable when there is money in the treasury legally applicable to the payment of the warrant, and if the warrant is to be paid out of the year's revenues, as it is conceded it must be, so must the interest. It was so held in *Riley* v. *Johnson, supra.* There we said, "The act contemplates but one payment by the treasurer with relation to any one warrant—one payment of an amount which represents principal and interest due." Therefore, if the warrant must be paid out of the year's revenue in which the liability, which the warrant represents, is incurred, so must the interest. In our opinion, the ordinance contemplates payment of the registered warrants and the interest thereon only from such funds as might lawfully be applied to the payment of both the principal and interest of such warrant. We see no violation of the constitutional section above cited in any of the terms of the ordinance.

■ Several sections of the city charter of Long Beach are cited by respondent in support of his contention that Ordinance No. C–1251 is invalid. The first of these cited sections is section 37a of the charter, which provides for the borrowing of money to pay warrants issued in the months of July, August, September, October and November of each year and to pay interest on the amounts borrowed at the rate of six per cent per annum. This section provides for an outright grant of power to said city to borrow money and pay interest thereon during certain months of the year. It limits the period of time during which interest may be paid to five months. It contains no express prohibition upon the city to borrow money at other times and pay interest thereon. The most that can be said is that there is an implied inhibition in the section against the city borrowing money and paying interest at any other times than those specified in said section. It must be admitted that this section of the charter is susceptible of such construc-

tion.. But this section of the charter must be construed with other sections of the charter bearing upon the powers of the city in order to arrive at the intent of the charter as a whole. Section 25 of said charter expressly confers upon said city the power "To exercise all municipal and police powers necessary to the complete and efficient management and control of municipal property, and for the efficient administration of the municipal government." The question very properly arises as to whether under these broad powers the city of Long Beach may not provide for the registration of its warrants and the payment of interest thereon when the money in the treasury is insufficient to pay said warrants at the time they were drawn. The crux of this whole proceeding is whether the city may bind itself to pay interest on these outstanding warrants. Without a provision for the payment of interest, it would be difficult to satisfactorily dispose of them. Bankers and other investors would be slow to accept them without exacting a substantial, if not an unreasonable deduction from their face value. This would impose an undue hardship on the employes of said city and those furnishing needed supplies to the different departments of the municipality, and render it extremely difficult, and on occasions impossible, for the city to properly perform the duties imposed upon it by its charter and the Constitution of the state. As we have seen, the city by section 25 of its charter is given power to exercise all municipal and police powers necessary to the complete and efficient management and control of its municipal property, and for the efficient administration of the municipal government. In construing a charter provision no less comprehensive than section 25 of the charter of the City of Long Beach, the Supreme Court of the state of Washington upheld an ordinance enacted thereunder providing for the payment of interest on warrants registered and indorsed "not paid for the want of funds". (*State* v. *Stout*, 43 Wash. 501 [86 Pac. 848, 10 Ann. Cas. 208].) In the face of the broad and comprehensive powers expressly conferred upon the City of Long Beach by the provisions of section 25 of its charter, taken in connection with the construction of a similar section by the Supreme Court of Washington, we feel justified in holding that such powers

were not in any way limited by the provisions of section 37a of said charter.

There is no merit in respondent's contention that said ordinance conflicts with sections 293 and 294 of the charter. Section 293 provides that said City of Long Beach shall not be bound by any contract except in certain cases not necessary to mention here, unless said contract is made in writing by order of the city council and signed by the city manager. Section 294 requires that all contracts with certain exceptions must be made by the city manager with the lowest responsible bidder. It further provides for the publication of notice calling for bids and the opening of said bids not more than thirty days after such publication. It is apparent, we think, that these sections of the charter have no application to a transaction involving the payment of interest on unpaid warrants of the city. If the agreement to pay interest may be treated as a contract, it is a contract that can only be made with one person, and that person is the holder of the warrant. In such a transaction there can be no competitive bidder, for no person other than the holder of the warrant has any interest, nor can he acquire any interest in said warrant by competitive bidding, or otherwise, except by consent of the warrant holder. It would, therefore, be an idle act to publish notice calling for bids, and to follow such procedure would simply entail an additional expense to the city without any compensating results. The law never requires an idle act, and it is not to be presumed that the framers of the charter ever intended to make applicable these sections of the charter to transactions like those herein involved in which no benefit whatever would result to the city, or to anybody else, by a compliance with their requirements.

It is next contended that said Ordinance No. C–1251 is void by reason of the fact that section 307 of the charter provides that no ordinance shall go into effect before the expiration of thirty days from the time of its passage. Section 45 of said charter provides for the passage of emergency measures to take effect at the time indicated therein. Ordinance No. C–1251 was passed as an emergency measure and in its enactment the city council complied with all the provisions of said section 45 of said

charter relative to the passage of measures of that nature. There is no merit, in our opinion, in this contention.

Equally untenable is the point made by respondent that no interest can be paid on said warrant No. A 13a for the reason that no separate warrant was ever drawn for said interest. Certain sections of the charter provide that all public moneys belonging to said city shall be disbursed upon warrants drawn on the City Treasurer by the city auditor. There are certain exceptions to this requirement but they are not pertinent to any question involved in this proceeding. The warrant drawn and registered covered the principal sum due the payee therein. The interest thereon was but a mere incident to the principal and, in our opinion, no separate warrant was required to be drawn for its payments. The warrant when indorsed by the City Treasurer fixed the date at which the interest should commence to run, and the ordinance fixed the date when the interest ceased. The city council at the time it directed the warrant to issue intended that it should bear interest as provided in said ordinance. We think that under this state of facts it can well be said that the warrant as issued covered the interest as well as the principal.

Section 254 of the charter provides that, ''On or before the fourth Monday of August in each year, the city council shall pass an annual appropriation ordinance which shall be based on the budget submitted by the city manager. The total amount of appropriations shall not exceed the estimated revenues of the city.'' It is contended that the appropriation ordinance for the year 1933–1934 made no specific provision for the payment of interest on warrants nor did the budget submitted by the city manager. There is nothing before us which would substantiate this contention. The return of the respondent purports to set forth a portion of the budget for that year submitted by the city manager, and a copy of the appropriation ordinance enacted for that year. The appropriation ordinance for the fiscal year 1933–1934 set forth in respondent's return shows an appropriation for ''Department of Public Welfare, $44,790.'' This item of $44,790 appropriated to the department of public welfare is not itemized either in said appropriation ordinance or in that portion of the budget set forth in said return. While it is true that the appropria-

tion made no specific provision for the payment of interest on warrants it also appears that it made no specific provision for the payment of any other item of expense which the public welfare department might incur. The same may be said regarding the budget submitted by the city manager as shown by the portion thereof before us. Evidently it was not the custom of said city to require the items of appropriation to be itemized either in the budget or appropriation ordinance, and no provision of the charter has been called to our attention requiring that the items be itemized. This contention of the respondent cannot, therefore, be sustained.

Respondent's final contention is that warrant No. A 13a cannot be paid because there was not sufficient moneys in said fund upon which said warrant was drawn to pay the same if the moneys now on deposit in such fund had been properly allocated. In support of this contention, respondent in his return states that the city auditor, after the registration of said warrant A 13a erroneously allocated to the public welfare fund a greater proportion of the public funds from the city treasury than by law should have been allocated to said fund, and that had the city auditor not made said erroneous allocation there would not have been sufficient moneys on deposit in said fund to pay said warrant when presented for payment. It appears, however, from said return that prior to the allocation of funds complained of, the city auditor had not allocated to said fund the proportionate amount of public funds to which said public welfare fund was legally entitled. The return concludes with the frank statement "That the 'Public Welfare Fund' has not, however, received more than its proportionate share of all moneys allocated during this fiscal year, the earlier allocations having given the 'Public Welfare Fund' less than its proportionate share." In view of this statement in the return, we think the contention of respondent that there was not sufficient money in the public welfare fund to pay said warrant cannot be sustained. Sufficient money was in said fund at the time said warrant was drawn and presented and the return of respondent shows that only its proportionate share of public moneys had been allocated to said fund during said fiscal year.

 As a result of the foregoing discussion we conclude that there is nothing either in the state Constitution or in the charter of the City of Long Beach inconsistent with the terms of said Ordinance No. C–1251, providing for the payment of interest on warrants registered for insufficient funds. While this question has not been directly passed upon by the appellate courts of this state in any previous decision, the same question has been before courts of other jurisdictions with the result that it has invariably been held that in a chartered city in the absence of constitutional or charter limitations the city council has the power to provide for the payment of interest upon its registered warrants in the event the funds of the city are insufficient to pay warrants at the time they are drawn. (6 McQuillin, Mun. Corps., 2d ed., p. 85, sec. 2409; 2 Dillon, Mun. Corps., 5th ed., p. 1319, sec. 867; 44 Cor. Jur., p. 1170, sec. 4131; *State* v. *Stout, supra; Alabama etc. Ry. Co.* v. *City of Gadsden,* 185 Ala. 263 [64 So. 91, Ann. Cas. 1916C, 573]; *Shipley* v. *Hacheney,* 34 Or. 303 [55 Pac. 971]; *Merchants Loan & Tr. Co.* v. *City of Chicago,* 264 Ill. 76 [105 N. E. 726].) These authorities are in accord with our own decision in *Riley* v. *Johnson, supra,* involving the right of the state to pay interest on registered warrants and in our opinion they announce the correct rule to be applied in the present proceeding. Ordinance No. C–1251 is, therefore, valid, and warrant No. A13a issued in pursuance thereof, together with the interest thereon as provided in said ordinance, is a legal claim and charge against the city of Long Beach, and it is the duty of respondent to pay said warrant together with said interest.

 Warrant No. A3 involved in the first cause of action was issued and registered pursuant to Ordinance No. C–1244. The only difference between said ordinance and Ordinance No. C–1251 in so far as the present proceeding is involved is that in Ordinance No. C–1244 the interest on registered warrants was made payable out of the city fund, while in the amended Ordinance No. C–1251, this interest was made payable out of the fund upon which the warrant itself was drawn. Warrant No. A3 was one of thirteen warrants issued against the public welfare fund under Ordinance No. C–1244, and registered pursuant to said ordinance. Thereafter and when there was sufficient money

in the public welfare fund to pay said thirteen warrants, together with interest thereon as provided in said ordinance, and also to pay all unregistered warrants drawn against said fund, and the City Treasurer had published notice that said warrants were redeemable, the city council ordered that a warrant be drawn in favor of the City Treasurer on the city fund for the aggregate amount of interest on said thirteen warrants. Such a warrant was so drawn by the city auditor, and delivered to the City Treasurer for the purpose of providing him with sufficient funds with which to pay the interest on said thirteen warrants. Thereupon the petitioner herein, who was the owner of said warrant No. A3 presented said warrant to said City Treasurer and demanded payment thereof, together with interest thereon as provided in Ordinance No. C–1244, and the treasurer refused to pay either the principal or interest of said warrant. The only reason assigned for the nonpayment of said warrant No. A3 and the interest thereon, in addition to those already considered in discussing the legality of warrant No. A 13a was that the interest on warrants issued pursuant to Ordinance No. C–1244 is made payable out of the city fund rather than the fund against which the original warrant is drawn. This point is relatively unimportant as Ordinance No. C–1244 has been amended so as to overcome this objection. It only affects the thirteen warrants drawn pursuant to said ordinance prior to its amendment, the interest on the whole number only amounting to $1.85. They were thus of comparatively small amounts. It is insisted by respondent that that part of said ordinance is invalid which directs interest on warrants to be paid out of the city fund rather than out of the fund upon which the original warrants were made payable. It is conceded that the City of Long Beach has provided a ''City Fund'', and that there was sufficient money in said fund to pay said interest warrant at the time it was drawn and presented to the treasurer for payment. This fund covers various items of expenditures such as insurance and bond premiums, compensation insurance and refunds. The largest item, however, included in this fund, as shown by the budget recommendation for the fiscal year 1933–1934, was shown as ''miscellaneous,'' which then amounted to the sum of $100,000, or thereabouts. Evidently this fund was

used largely, as the budget recommendation indicates, to meet miscellaneous items of expense not otherwise provided for by express appropriations. If this was its purpose, it would seem perfectly proper for the city council to draw on this fund to meet the interest on warrants, which could not be paid when issued on account of insufficient money in the funds on which they were drawn. There is no provision in the charter so far as we are able to ascertain that prohibits the use of said fund for that purpose. Ordinance No. C–1244 is not invalid for this reason. The other objections to its validity have already been considered and found untenable. We are, therefore, of the opinion that Ordinance No. C–1244 was a valid exercise of power by the city council of Long Beach and that warrant No. A3, together with interest thereon as in said ordinance provided, is a legal claim against said city and should be paid by the City Treasurer.

In the third cause of action petitioner asks that the respondent City Treasurer of the City of Long Beach be required to pay warrant No. A54, drawn in her favor by the city auditor against the City Treasurer. This warrant was registered subsequently to the fourteen warrants involved in the other two causes of action herein. It was drawn against the public welfare fund, and was registered for the reason that there was insufficient money in said fund to pay said warrant. At the time it was presented for payment, there was sufficient money in said fund to pay warrants A1 to A13a, being the warrants involved in the first two causes of action herein, together with interest due thereon, and also sufficient money in said fund to pay all unregistered warrants drawn on said fund prior to the registration of said warrant No. A54. There was also at said time sufficient money in said fund to pay said warrant No. A54, but there was not during any part of the day on which said warrant No. A54 was presented for payment sufficient money in said fund to pay said warrant and also all of the warrants registered against said public welfare fund prior to the registration of said warrant No. A54. At the time said warrant was presented for payment by petitioner, the owner and holder thereof, said petitioner waived all claim for interest on said warrant. It will readily be seen that the point involved in this proceeding

is whether petitioner was entitled to payment of warrant No. A54 when at the time she presented said warrant to the City Treasurer and demanded payment thereof, there was insufficient money in the public welfare fund, on which said warrant was drawn, to pay the same and also all of the warrants registered against said fund prior to the registration of said warrant No. A54, notwithstanding the provisions of said Ordinance No. C–1251 pursuant to which said warrants were drawn requiring the payment of registered warrants in the order of their registration, rather than in the order of their presentation after such registration.

No provision of the city charter has been called to our attention which expressly places any restriction upon the power of the City of Long Beach through its city council, to provide for the payment of city warrants in the order of their registration. The charter of said city does contain a complete provision for the fiscal management and control of the city, but it is entirely silent upon the power of the city to create priorities in the payment of warrants. In the case of *Riley* v. *Johnson, supra,* 219 Cal. 513 [27 Pac. (2d) 760], this court upheld the act adopted at the last legislature providing for the payment of state warrants in the order of their registration. In the case of *Pacific Gas & Electric Co.* v. *Cole,* 32 Cal. App. 266, 274 [162 Pac. 435], the appellate court sustained an act of the legislature providing for the order of payment of registered warrants of reclamation districts. In other jurisdictions the question has uniformly been decided in favor of the exercise of such power by a municipality. (44 Cor. Jur. 1174; *First National Bank of Northampton* v. *Arthur,* 10 Colo. App. 283 [50 Pac. 738]; *Eidemiller* v. *City of Tacoma,* 14 Wash. 376 [44 Pac. 877]; *First National Bank of Buhl* v. *Village of Buhl,* 151 Minn. 206 [186 N. W. 306]; *Phillips* v. *Reed,* 109 Iowa, 188 [80 N. W. 347].) We consider these authorities decisive of the question. It follows, therefore, that petitioner is not entitled to have warrant No. A54 paid until all prior registered warrants and all of said unregistered warrants against said public welfare fund have been paid.

Our conclusion as to the relief to be granted petitioner upon her three causes of action is that she is entitled to immediate payment of warrant No. A3, together with in-

terest thereon pursuant to Ordinance No. C–1244, and also to immediate payment of warrant No. A 13a, together with interest thereon pursuant to Ordinance No. C–1251, but that she is not entitled to have warrant No. A54 paid at this time. It is, therefore, ordered that a writ of mandate issue as prayed for under petitioner's first and second causes of action of her petition, but that said petition be denied as to the third cause of action and that petitioner take nothing by said third cause of action.

Preston, J., Langdon, J., Waste, C. J., and Shenk, J., concurred.