[S. F. No. 15113. In Bank.—June 29, 1934.]

MARIE VOORHEES, Petitioner, v. MYRTELLE L. GUNSUL, as City Auditor, etc., Respondent.

Nowland M. Reid, City Attorney, Geo. W. Trammell, Jr., Assistant City Attorney, and John O. Palstine, Deputy City Attorney, for Petitioner.

Denio, Hart, Taubman & Simpson and Matthew C. Simpson for Respondent.

THE COURT.—This is a companion case to action S. F. No. 15114, entitled *Marie Voorhees* v. *H. C. Morse, as City Treasurer of the City of Long Beach,* this day filed (*ante,* p. 179 [34 Pac. (2d) 153]). By her petition, the petitioner herein asks for a writ of *mandamus* directed to the respondent as city auditor of said city commanding her to notify the city treasurer of said city of the fact that there were on the nineteenth day of February, 1934, and at the commencement of this proceeding, sufficient moneys in the city fund in the city treasury to pay all of the warrants outstanding against said fund on said nineteenth day of February, 1934, including warrant No. D–71, and to notify said city treasurer of the numbers of the warrants which could be redeemed by the application of said moneys in said city fund.

Petitioner at all times mentioned herein was the owner of said warrant No. D–71. Said warrant was issued on the seventeenth day of February, 1934, in payment of a valid claim against said city pursuant to Ordinance No. C–1251 of said city, which ordinance and certain provisions thereof are referred to in detail in the opinion rendered in action S. F. No. 15114, above mentioned. At the time said warrant No. D–71 was issued there was not sufficient money in said city fund to pay the same and all other prior outstanding warrants against said fund. All necessary steps were taken as provided in said ordinance to register said warrant, and the same was on said seventeenth day of February, 1934, registered pursuant to the terms of said ordinance. Said warrant No. D–71 was at said time the only warrant drawn upon said city fund and registered pursuant to said Ordinance No. C–1251, and at the time of the demand hereinafter set forth no interest had accrued thereon. Thereafter there were sufficient moneys in said city fund to pay said warrant, as well as all other outstanding warrants both registered and unregistered theretofore drawn upon said fund. Petitioner thereupon, and while there were sufficient moneys in said city fund to pay all outstanding warrants drawn on said fund, demanded of the city auditor that she notify the city treasurer that there were sufficient moneys in said city fund to pay all of the outstanding warrants drawn upon said fund, and that she notify said city treas-

urer of the numbers of the warrants which could be redeemed by the application of said funds thereto, and in particular that said city auditor notify said city treasurer that there were sufficient funds to redeem and that he should redeem said warrant No. D–71. The city auditor refused to .comply with said demand of petitioner. This proceeding was the result of said refusal and is brought to compel said city auditor to comply with said demand.

All questions raised by respondent in her defense to this proceeding were considered and decided by this court in the companion case of S. F. No. 15114, adversely to the contention of the respondent. Ordinance No. C–1251 of the City of Long Beach was held to be valid. A provision of said ordinance provides for the payment of registered warrants in the order of their registration. The validity of this provision of said ordinance was made a direct issue in said companion case, and determined adversely to the contention of the petitioner therein, who claimed that it was invalid and beyond the power of the City of Long Beach to enact. Nothing is to be gained by repeating here the discussion of the question found in said companion case. This provision of the ordinance makes it the duty of the respondent as city auditor to comply with petitioner's demand. Being a duty enjoined by law upon the respondent as a public officer, its performance may be enforced by *mandamus*. (Sec. 1085, Code Civ. Proc.)

It is therefore ordered that the writ issue as prayed for.