[Crim. No. 1023. Second Appellate District, Division One.—November 27, 1923.]

THE PEOPLE, Respondent, v. VICTOR PUTTY, Appellant.

[1] Justices' Courts—Dual Complaint—Hearing of Evidence En Masse—Jurisdiction—Commitment—Conviction—Appeal.—In the absence of some showing of prejudice, a defendant who has been convicted in the superior court for the commission of the offense of illegally manufacturing intoxicating liquor is not entitled to a reversal on appeal because the original complaint filed in the justice's court contained two counts, the first of which charged defendant with manufacturing liquor contrary to the provisions of the statute and the second of which accused the defendant with illegally having intoxicating liquor in his possession, and the justice of the peace heard the evidence as to both counts *en masse* and then found defendant guilty as to the second count and held him to answer to the superior court as to the first count.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

Mart Coles for Appellant.

U. S. Webb, Attorney-General, and John W. Maltman, Deputy Attorney-General, for Respondent.

HOUSER, J.—This is an appeal from a judgment of conviction of defendant for the commission of the offense of illegally manufacturing intoxicating liquor. The original complaint which was filed in the justice's court contained two counts, the first of which charged defendant with manufacturing liquor contrary to the provisions of the statute, and the second of which accused defendant with illegally having intoxicating liquor in his possession. When the matter came on for hearing before the justice of the peace attention was directed to the fact that as to the second count the justice's court had jurisdiction to hear and determine the same, while as to the first count the only province of the court was to sit as a committing magistrate for the purpose of conducting the preliminary examination provided for by the statute. Counsel for defendant then offered a sug-

gestion that, in view of the fact that defendant had never been in trouble before and as the officers appeared "to have a case" against defendant, he be permitted to plead guilty to the second count, with the understanding that the action be dismissed as to the first count of the complaint. The prosecuting attorney declined to accede to such suggestion; whereupon the following occurred between counsel:

"Mr. Coles (Attorney representing defendant): Very well, we are ready to proceed.

"Mr. Jamieson (Prosecuting attorney): You have seen the complaint?

"Mr. Coles: I have seen the complaint. I am just going to let you go ahead.

"Mr. Jamieson: Have you any objection to trying these together? If you have, we will try each one separately.

"Mr. Coles: We are here to answer to the complaint.

"Mr. Jamieson: We will present the case as we have it."

Evidence was then introduced; the defendant was found guilty as to count two, upon which he was sentenced by the justice's court; and as to count one he was held to answer to the superior court. After the information had been filed and the superior court had gained jurisdiction, defendant moved to set the information aside on the ground "that before the filing thereof the defendant had not been legally committed by a magistrate," which motion was denied by the court. From a judgment of conviction in the superior court as to count one, defendant has appealed to this court—his contention being that the justice of the peace in conducting a trial of defendant as to count two of the complaint and at the same time holding a preliminary examination as to count one thereof was acting in excess of his jurisdiction.

The statutes of this state provide for two separate and distinct functions of a justice of the peace—one of which being to hear and determine certain matters of either a civil or of a criminal nature, and the other being that of sitting as a committing magistrate in cases triable before the superior court. There can be no question but that if in the present instance the defendant had been charged in one complaint with the commission of the offense of illegally having intoxicating liquor in his possession, and in another complaint with the offense of illegally manufacturing intoxicating liquor, the justice of the peace would have had juris-

diction thereof acting in his separate respective capacities of trial judge and as committing magistrate; and the fact that the charge of two offenses was combined into one complaint could not have the effect in itself of depriving defendant of any of his rights as specified in section 1426 of the Penal Code, requiring that there be set forth "the offense charged, with such particulars of time, place, person, and property as to enable the defendant to understand distinctly the character of the offense complained of, and to answer the complaint."

The case of *People* v. *Swain,* 5 Cal. App. 421 [90 Pac. 720], is cited by appellant in support of his contention that the justice of the peace was without jurisdiction, but as we read that case, all it holds, so far as is here applicable, is that where a justice of the peace in his capacity of committing magistrate conducts a preliminary examination of a defendant upon a charge of grand larceny he has no jurisdiction, after ordering the discharge of the defendant on such charge, to further order him to appear on a subsequent day before the justice's court on a charge of petty larceny arising out of the facts developed on the preliminary examination. No such question, nor one analogous thereto, arises herein. [1] The question here presented is that of the jurisdiction of the justice of the peace sitting as a committing magistrate to hold the defendant to answer to the superior court, taking into consideration the fact that contemporaneously therewith he also assumed to act as a justice of the peace in determining the guilt of the defendant on another charge. What possible difference could result as affecting any substantial right of defendant because the justice of the peace heard all the evidence *en masse* and upon which he reached the conclusion that as to one count defendant was guilty, and as to the other, he should be held to answer to the superior court; rather than that he should have heard the evidence piecemeal, first, as justice of the peace as affecting the count in which as justice of the peace he had jurisdiction, and immediately thereafter (by some mental process and perhaps by oral pronouncement, divesting himself of such capacity, but retaining his identical physical position on the bench with the same surroundings and attachés of his court) permitted the introduction in evidence of exactly the same statements by the same witnesses

and the same exhibits as were used in the former hearing—is not readily apparent. The law abhors idle acts. In the course which was adopted, the defendant was accorded every right and every privilege which he might have possessed, assuming that the technical and more burdensome procedure obtained. He complains of no lack of fairness in any respect. His claim is founded entirely upon the possible violation of technical procedure which neither worked to his hardship nor to his disadvantage. If there is nothing here that genuinely requires remedial action because of procedure which has resulted in injury to defendant, no valid reason appears for disturbing the judgment. The whole intent of the law is that no one shall receive unjust treatment. Even though it be conceded that there was some deviation from the beaten path of the law regarding the procedure before the committing magistrate, if in the end the result attained has been identical with the result had the regular course been pursued, no just cause for complaint can be said to exist. The judgment of the superior court was amply supported by the evidence. In such circumstances there is a clear application of the provisions of section 4½ of article VI of the constitution to the effect that "no judgment shall be set aside or new trial be granted . . . for any error as to any matter of procedure . . . unless such error has resulted in a miscarriage of justice."

In addition to what heretofore has been set forth as having occurred at the hearing before the justice of the peace, the following statements were made by counsel for defendant: "This matter which we have before us now, the testimony would compel the court to bind the man over, would it not? That is to say, the testimony in regard to the high grade misdemeanor (count one). . . . Now, under the testimony here, there is nothing for the court to do but bind the man over for further hearing, but I don't see testimony here which would entitle the court to find on the low grade misdemeanor charge (count two). I suppose the simplest solution, if Burke (deputy district attorney) wants him tried in the superior court, let's try it all in the superior court. Why use the law as a means of oppression? It certainly is one offense, no question about that. . . . We would like this court, if it would see fit, to pass sentence on this defendant for the low grade misdemeanor of having liquor in his pos-

session, contrary to the Volstead Act (U. S. Comp. Stats., Ann. Supp. 1923, sec. 10138¼), or the Wright Act (Stats. 1921, p. 79), and also, if the court should see fit, to bind the defendant over for having a still and operating a still at the same time. It appears to me there is sufficient proof of the high grade misdemeanor so that the court might see fit to bind the defendant over."

The record of the proceedings had before the justice of the peace shows a tacit agreement among counsel and the court respecting the procedure which was adopted and carried to completion by the justice of the peace sitting in the dual capacities of justice of the peace and of a committing magistrate. Without further considering the possible estoppel of defendant by reason of his apparent acquiescence in the procedure before the justice of the peace, the fact that no substantial right of defendant was in anywise invaded by reason of the course adopted by the committing magistrate is a sufficient reason for the denial of his appeal to this court.

It is therefore ordered that the judgment be and the same is affirmed.

Conrey, P. J., and Curtis, J., concurred.