[Civ. No. 5499. First Appellate District, Division One.—July 25, 1927.]

THEODORE C. KISTNER, Appellant, v. L. F. POMEROY et al., Respondents.

H. J. Bischoff for Appellant.

Alex P. Nelson, C. N. Mozley, D. G. Wettlin, Kenneth H. Burns and J. B. West, Jr., for Respondents.

KNIGHT, J.—Plaintiff, a licensed architect, brought this action to recover damages for an alleged breach of contract of employment. A general demurrer to the second amended complaint was sustained with leave to amend, but plaintiff having declined to amend, judgment of dismissal was entered, from which judgment plaintiff appealed.

The essential averments of the complaint are: That on April 15, 1919, defendants, constituting the board of trustees of Anaheim School District in Orange County, entered into an agreement with plaintiff whereby the latter was employed ''as architect for said School District in the construction of two new school buildings,'' at an agreed compensation of six per cent of the cost of the construction of said buildings, the estimated cost of which was one hundred thousand dollars. ''That pursuant to said contract of employment said plaintiff entered upon the performance of his duties as architect and prepared preliminary drawings for both of said school buildings, consisting of floor plans and elevations. That said plaintiff conferred with said members of said Board of Trustees from time to time regarding said plans and the buildings to be constructed. That after said preliminary drawings for said buildings were completed, said plaintiff proceeded with the preparations of final drawings, consisting of floor plans and elevations and details of the school building to be constructed on the site known as Central School site. That the plans for said building provided for ten classrooms, kindergarten and teachers' room, and prin-

cipal's office. That said plaintiff continued in the performance of his duties as architect until the 15th of August, 1919, and expended large sums of money in the preparation of said plans; that said plans had been practically completed and were ready for submission for approval by the county superintendent of schools of said Orange County. That on said August 15, 1919, plaintiff received notice from said Board of Trustees that he had been discharged as architect." The prayer of the complaint was that plaintiff be given judgment in the sum of four thousand dollars.

Section 1543 of the Political Code provides that "It is the duty of the superintendent of schools of each county: . . . Twelfth—Except in incorporated cities having Boards of Education, to pass upon and approve or reject all plans for schoolhouses, and to enable him to do so all Boards of Trustees, before adopting any plans for school buildings must submit the same to the County Superintendent of Schools for his approval"; and in view of said provision defendants contend "that before plaintiff can recover in this action, he must prove that his plans for the school buildings in question had been submitted to the County Superintendent of Schools of Orange County, in which County the school district involved herein is located, and that the said County Superintendent of Schools has approved the same. And further that if such facts are indispensable evidence before recovery can be had, it would follow that the complaint should allege that plaintiff's plans had been submitted to and approved by the said County Superintendent of Schools before any liability would attach to the Board of Trustees of said school district. The said amended complaint contains no such allegation and, therefore, does not state a cause of action against said Board of Trustees."

■ We are of the opinion that the provision of the Political Code hereinabove quoted and upon which defendants rely to sustain their position does not have the effect of limiting the power of school boards to contract for the preparation of plans for the construction of school buildings, but that the limitation mentioned therein affects only, as its terms clearly imply, the right of said boards to finally adopt plans without the approval of the same by the county superintendent. Subdivision 4 of section 1608 of the Politi-

cal Code expressly confers upon said boards the power "to build schoolhouses"; and in defining the authority which they may exercise under said section it has been held that the power "to erect schoolhouses implies as a necessary incident to that power the right to procure plans and specifications" (*Harris* v. *Cooley*, 171 Cal. 144 [152 Pac. 300]; *Miller* v. *Boyle*, 43 Cal. App. 39 [184 Pac. 421]). That being so, the right to procure plans must necessarily include the right to incur a legal obligation to pay for the service of preparing the same in order that they may be submitted for approval to the county superintendent of schools as provided in said section 1543. If, on the other hand, defendants' construction of said subdivision 12 of section 1543 be adopted and it be held that the authority to pay for such services is dependent upon the subsequent approval of the plans by the county school superintendent, then said subdivision 4 of section 1608 conferring power upon school trustees to build school buildings would become practically inoperative, because in many cases, under those conditions, boards of trustees would be unable to procure the plans to submit for approval to the county school superintendent.

We therefore conclude that in the absence of express statutory provision to that effect, the law does not require that the approval of plans for the construction of school buildings be made a condition precedent to the payment for the services of preparing the same, and consequently a clause to that effect was not essential to the validity of the contract under consideration.

Even though under any possible construction it could be held that the approval of such plans by the school superintendent did constitute a condition precedent to the payment for the services of preparing the same, the averments of the complaint in the present case, which on demurrer must be taken as true, are to the effect that defendants breached the contract of employment just at the time the plans were ready to be submitted to the school superintendent for approval. Therefore, upon such breach, plaintiff was not required to proceed further in the performance of the contract, but was entitled to treat the same as at an end and to sue immediately for such damages as may have resulted from such breach (6 Cal. Jur. 464, 465). "The law neither does nor requires idle acts" (Civ. Code, sec.

3532), and manifestly it would have been idle for plaintiff to have submitted the plans to the school superintendent for approval after defendants had terminated his contract of employment. In other words, if, as defendants claim, the obtaining of the school superintendent's approval was a condition precedent to the payment of plaintiff's demand, the point that plaintiff failed to perform such condition is not available to defendants in this proceeding on demurrer, because it is averred in the complaint that the alleged repudiation of the contract by defendants prevented such performance (*Antonelle* v. *Kennedy & Shaw Lumber Co.,* 140 Cal. 309 [73 Pac. 966]).

No other points being made as to the power of said board to enter into the contract of employment in question or against the sufficiency of the complaint, the judgment appealed from is reversed, with directions to overrule the demurrer.

Tyler, P. J., and Cashin, J., concurred.