[Civ. No. 5083. Second Appellate District, Division Two.—April 11, 1928.]

MOORE GROCERY COMPANY (a Corporation), Respondent, v. LOS ANGELES NUT HOUSE et al., Appellants.

E. F. Gerecht and C. W. Hall for Appellants.

Robert B. Murphey and Hunsaker, Britt & Cosgrove for Respondent.

VALENTINE, J., *pro tem.*—This was an action for damages for breach of contract. Judgment was rendered for plaintiff for $1,500 and costs, and from this judgment defendants appeal.

Respondent contends that, upon the record presented, none of the appellants' contentions can be considered because the reporter's transcript on file is not properly authenticated in that it was not certified by the trial judge as required by section 953a of the Code of Civil Procedure.

The case at bar was tried and decided and the findings and judgment signed by Hon. George F. Buck, a judge of the superior court of San Joaquin County, sitting temporarily in department 24 of the superior court in Los Angeles County, who then returned to San Joaquin County. A motion for a new trial was made in said department 24 and heard by Hon. Walter Guerin, whose regular department it was. Subsequently defendants appealed and noticed the settlement of the reporter's transcript before the said Judge Guerin in said department 24, whereupon the following entry was made in the clerk's minutes: "*Moore Grocery Co.* vs. *L. A. Nut House, et al.* Case Called. Hunsaker, Britt & Cosgrove by A. L. Keister appearing for pltff. and E. F. Gerecht by phone consenting the reporter's transcript is settled, allowed and filed as record in this case," and the said reporter's transcript was signed and certified to by said Judge Guerin.

In *Bell* v. *Brigance*, 194 Cal. 445 [229 Pac. 27], the court after remarking that section 953a of the Code of Civil Procedure does not require that the judge who tried the case shall certify to the truth and correctness of the transcript, says: "But we may assume for reasons at once apparent without stating them, that such was the intention of the legislature."

In the case at bar the record contains an affidavit of Judge Buck, who tried the case, as follows:
(Title and Venue.)

"George F. Buck, being first duly sworn, deposes and says: That on December 2, 1924, and for some time prior thereto and at all times since, he has been and is now a duly elected, qualified and acting judge of the superior court of the county of San Joaquin, state of California; that he presided at the trial of the above entitled action in department 24 of the superior court of Los Angeles county, on December 2, 1924, and as such presiding judge signed the findings of fact and conclusions of law and judgment in said action, which were filed with the clerk of the superior court for the county of Los Angeles, state of California, on or about December 9, 1924.

"That no request has ever been made upon him, nor has he ever refused, to certify to the truth and/or correctness of any reporter's transcript of the evidence introduced and proceedings had at the trial of said action or of any reporter's transcript prepared or attempted to be prepared in accordance with section 953a of the Code of Civil Procedure; that he has not been removed from office and has not resigned his office as judge of the Superior Court of said San Joaquin county, nor was he absent from the state of California at any time between December 2, 1924, and the date of the making of this affidavit. That at no time has he become disqualified to certify to any reporter's transcript prepared or attempted to be prepared under section 953a C. C. P. in connection with the above entitled case; that he is not a party to the above entitled case, nor is he, nor has he ever been, interested therein in any way, directly or indirectly; that he is not, nor has he ever been, related to any of the parties to said action, or to any attorney, counsel or agent of any of the parties to said action by consanguinity or affinity within the third degree, or otherwise or at all; that he has never been attorney or counsel for any of the parties to said action either in the above entitled case or proceedings or in any other previous action on proceeding involving any of the same issues, or otherwise, or at all; that he has never given advice to any of the parties in said action upon any matter involved in the said action or pro-

ceeding; that he has never had any bias or prejudice against any of the parties to said action.

"(Verification) (Signed) GEORGE F. BUCK."

■ Appellants argue that respondent consented to and acquiesced in the act of Judge Guerin in certifying the transcript by their appearance in court at that time. The only record as to this before us is the extract from the clerk's minutes quoted above from which nothing appears except the fact of the appearance of respondent's attorneys, and there is nothing upon which to base even a presumption that they consented or acquiesced, and to apply the rules laid down by sections 3515 and 3516 of the Civil Code, cited by appellants.

■ Appellants finally argue that to have required Judge Buck to have returned to Los Angeles for the purpose of certifying the record would have been "an idle act," and that section 3532 of the Civil Code provides that "The law does not require idle acts." But it can scarcely be successfully contended that to require compliance with a code provision and a rule of the supreme court is an idle act and *non constat,* but that Judge Buck, who was familiar with the evidence, rulings, acts or statements of the court during the trial, might have refused to certify to the correctness of the transcript. These code provisions and the rule of the supreme court are based upon substantial and real reasons and are not merely technical, and to require compliance with them cannot correctly be called an idle act.

■ There is therefore nothing presented from which a review of the evidence can be made. We find no assignment of error by appellants that the findings do not support the judgment. Examining the judgment-roll we find no error which will warrant a reversal being ordered. The findings of the court seem to support the judgment and to have been within the issues made by the pleadings. (*Yount* v. *Arakalian Bros. Co.,* 26 Cal. App. 472 [147 Pac. 467].)

Judgment affirmed.

Works, P. J., and Craig, J., concurred.