[Civ. No. 6251. First Appellate District, Division One.—October 17, 1928.]

PACIFIC GAS & ELECTRIC CO. (a Corporation), Respondent, v. UNIVERSAL ELECTRIC & GAS CO. (a Corporation), Appellant.

William Kehoe for Appellant.

Thomas H. Breeze and Leo H. Susman for Respondent.

CASHIN, J.—An appeal from a judgment entered against the defendant in an action on a contract for the sale of electrical energy.

The contract, which was entered into between Sierra and San Francisco Power Company (hereinafter referred to as the power company) and the defendant on July 9, 1915, provided for the sale by the power company and the purchase by the defendant for a period of eight years of all the electrical energy required by the latter in the regular course of its business in excess of that generated by its own plant. The rates agreed to be paid were fixed in

accordance with a sliding scale based upon the amount of energy used, and it was further provided that the contract should bind the successors in interest of both parties. The complaint alleged that between the months of January, 1920, and April, 1922, inclusive, energy was furnished, for which under the contract defendant agreed to pay the sum of $812,613.97, and of which $774,598.36 had been paid. The prayer was for the difference of $38,015.61, and for which, with interest, the judgment was entered. The contract also provided that for the energy delivered during any month payment should be made within thirty days thereafter, and in case the defendant should dispute any bill rendered within the period fixed for payment then it should pay the amount which it admitted to be due, and forthwith offer to submit to arbitration in the manner provided the question respecting the balance unpaid.

When the contract was entered into the Railroad Commission of the state of California had no jurisdiction over the rates, charges, and contracts of the parties for the reason that they were not operating within a municipality which had surrendered its power of control in such matters. After the amendment of section 23 of article XII of the constitution in 1914 the present Public Utilities Act was adopted (Stats. 1915, p. 115), and took effect on August 8, 1915. By this legislation the Commission acquired jurisdiction over the parties respecting their contracts and rates (sec. 14b of the act), and in compliance with an order of the Commission the power company on October 6, 1915, filed a list of deviations from its regularly filed electric rates then in force. Reference therein was made to the above contract, but whether the list set forth the rate agreed to be paid thereunder cannot now be ascertained as the list has been lost from the files of the Commission. Subsequently the Commission requested that a copy of the contract be filed, and this was done on February 15, 1916. Thereafter on March 26, 1919, the power company and Pacific Gas and Electric Company, plaintiff and respondent here, filed with the Commission their joint application for an order authorizing the power company to execute a lease of all its generating and distributing plants and properties to the plaintiff, this being followed by a supplemental application referring to the proposed lease, the terms of which were contained in

an exhibit attached, and by which, in addition to leasing its properties and business, the lessor assigned to the lessee for the term of the lease or until their earlier expiration all of the lessor's existing contracts for the sale of electrical energy. Thereafter a notice of hearing was given by the Commission, stating the nature of the application, and on January 17, 1920, its order, referring to the form of the lease filed with the application and authorizing its execution, was made. Pursuant to the authorization the lease, containing substantially the provisions, terms, and conditions shown in the exhibit, was executed, but a copy of the executed instrument was not filed with the commission. As stated, the lease by its terms assigned all existing contracts for the sale of electrical energy, and these the lessee assumed and agreed to perform, subject, however, to such changes and modifications as should from time to time be lawfully made by agreement between the lessee, as successor in interest of the lessor, and the other party or parties thereto, or otherwise in conformity with law. At all times since August 9, 1915, plaintiff has been engaged in selling and distributing electrical energy in San Francisco, and during that period has had on file with the Commission schedules of its rates and charges which were in full force and effect. None of those schedules, however, prescribed the same rates as those specified in the above contract, but, as stated, a copy of the contract has at all times since February 15, 1916, been on file with the Commission.

It is admitted that during the period alleged in the complaint the amount of energy as claimed by the plaintiff was delivered to the defendant, and that statements therefor were rendered monthly, the rates charged being those provided by the contract. Some months before the making of the lease and assignments mentioned the original parties to the contract agreed that the rates fixed therein should be lowered, this agreement being evidenced by certain letters which passed between them. Subsequently, the power company, under date of July 31, 1918, gave notice of the termination of this agreement, and thereafter until the month of December, 1919, bills were rendered monthly at the rate provided by the contract, but the defendant continued to make payment thereon at the reduced rate. On

January 17, 1921, an action was commenced by the power company against the defendant to recover the difference, and a judgment therefor was entered, which was subsequently affirmed on appeal (*Sierra & San Francisco Power Co.* v. *Universal Electric & Gas Co.*, 197 Cal. 376 [241 Pac. 76]). It was held in that case that the letters mentioned, not having been filed with the Commission, the purported modification of the original agreement never became effective and that the power company had the right to revert to the original rate without the sanction of the Commission.

After the plaintiff commenced delivery under the contract the defendant continued to make monthly payments based upon the reduced rate, and, so far as shown, no offer was made by it to submit the question regarding the unpaid balances to arbitration.

 Appellant claims that the contract was not assignable; and, further, that neither the original contract nor the lease purporting to assign the same having been filed with the Commission as parts of plaintiff's schedule of rates, no recovery can be had in the action.

The contract, so far as shown, contained no stipulation against assignment, nor any provision which expressly or impliedly forbade performance by another. Furthermore, there was nothing to show that the skill or other quality peculiar to the power company, or the nature of the service, was a material inducement to the contract. Similar contracts have been held to be assignable (*LaRue* v. *Groezinger*, 84 Cal. 281 [18 Am. St. Rep. 179, 24 Pac. 42]; *Leader Co.* v. *Little Rock etc. Co.*, 120 Ark. 221 [179 S. W. 358]); and it appears that appellant, with knowledge of the facts and without objection except as to the rate charged, accepted deliveries from the plaintiff and made monthly payments on account. Such circumstances sufficiently indicate a waiver of objections to the assignment (*Staples v. Somerville*, 176 Mass. 237 [57 N. E. 380]; *Kinser* v. *McMurray*, 190 Iowa, 1329 [181 N. W. 691, 694]; *Brewster* v. *Hornellsville*, 35 App. Div. 161 [54 N. Y. Supp. 904]; *Wyatt Lumber Co.* v. *Colley etc. Mfg. Co.*, 3 Fed. (2d) 1023).

It is provided by subdivision b of section 14 of the Public Utilities Act that "Under such rules and regulations as the commission may prescribe every public utility other

than a common carrier shall file with the commission within such time and in such form as the commission may designate, and shall print and keep open to public inspection, schedules showing all rates, etc., together with all rules . . . contracts, etc., which in any way affect or relate to rates, tolls, rentals, classifications or service." And subdivision 4b of section 17 of the act provides: "Except as in this section otherwise provided no public utility shall charge, demand, collect or receive a greater or less or different compensation for any product or commodity furnished or to be furnished or for any service rendered or to be rendered than the rates, tolls, rentals and charges applicable to such product or commodity or service as specified in its schedules on file and in effect at the time . . . "

As stated, a copy of the contract was filed at the request of the Commission, and a copy of the proposed lease and assignment was also filed and its execution authorized. The act does not require the filing of original contracts relating to rates unless the Commission shall so direct, and the form in which such document shall be filed being left to its discretion, copies will suffice if the Commission makes no further requirement. The law requires no idle acts (Civ. Code, sec. 3532), and when by authority of the Commission the power company assigned its interests in the contracts to the plaintiff, copies of both the assignment and contract being then on file, the contract, as the effect of the transaction, became a part of plaintiff's filed schedule of rates, and it was unnecessary to file the original instruments unless required by the Commission, which is not contended to have been the case.

We find no merit in the appeal, and the judgment is accordingly affirmed.

Tyler, P. J., and Knight, J., concurred.