[Civ. No. 10593. First Appellate District, Division Two.—April 27, 1938.]

THE PEOPLE, Respondent, v. ONE PACKARD 6 TOURING SEDAN, ENGINE No. T-7143, Appellant.

R. G. Partridge for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

SPENCE, J.—This is an appeal from a judgment declaring the forfeiture of a Packard automobile under the provisions of section 15 of the State Narcotic Act.

The trial court found against appellant upon the question of whether there had been a ''reasonable investigation of the moral responsibility, character and reputation of the purchaser'', and appellant's main attack is directed against this finding.  Appellant contends that the investigation made in the present case was a reasonable investigation within the meaning of the statute and that the evidence was insufficient to support the trial court's finding to the contrary. We find no merit in this contention.

The uncontradicted evidence showed that the purchaser of the automobile operated a house of prostitution near Livermore; that she had been arrested when her place was raided in January, 1936, and that she had entered a plea of guilty to a charge of vagrancy. She thereafter returned to the same place, which was again raided in December, 1936. She purchased the automobile in October, 1936. She was not then known to any of the parties concerned and, with the ex-

ception hereinafter noted, there was no evidence whatever tending to show any investigation other than an investigation of her financial responsibility. The only testimony tending to show any other investigation was given by an employee of appellant but said testimony was flatly contradicted. Said employee testified that he telephoned to a garage man in Livermore and inquired of him concerning said purchaser's "character and financial status"; that said garage man had told him among other things that "she was a very wonderful woman and had a good standing in the community"; that she "comes from a very nice family, a wealthy family, she lives with her sister". Said garage man was called as a witness by respondent and he testified that the only inquiry made of him was as to her credit standing; that he knew her only as a customer; that he gave no other information and had no other information to give; that no request was made of him for any information concerning her moral responsibility, character or reputation. In view of this conflicting testimony, it cannot be said that the evidence was insufficient to sustain the trial court's finding to the effect that there was no reasonable investigation of the moral responsibility, character and reputation of the purchaser. (*People* v. *One Harley-Davidson Motorcycle*, 5 Cal. (2d) 188 [53 Pac. (2d) 970]; *People* v. *One Lincoln Eight, etc.*, 12 Cal. App. (2d) 622 [55 Pac. (2d) 925].)

█ Appellant further contends that the statute is unconstitutional. It is argued that the statute is "vague and indefinite, uncertain and unreasonable"; also that it is "arbitrary and discriminatory"; also that it is "confiscatory"; also that "it is not in any wise effective or calculated to be effective in controlling the narcotic traffic". Appellant frankly concedes that "it is not contended that each one of the questions and objections here raised is alone sufficient to render the statute unconstitutional—but in the aggregate it is respectfully submitted that they cast serious doubt on the validity of a statute which requires innocent parties to act at their peril". But the rule is well settled that all presumptions and intendments are in favor of the constitutionality of a statute and that all doubts are to be resolved in favor of and not against its validity (5 Cal. Jur. 628). Practically all of the arguments of appellant are fully answered in *People* v. *One Ford V8 Tudor Sedan*, 12 Cal. App.

(2d) 517 [55 Pac. (2d) 908], and the authorities cited therein and we are of the opinion that the claim that said statute is unconstitutional cannot be sustained.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.