[Civ. No. 11422.   Second Appellate District, Division One.—April 29, 1938.]

GRACE L. CHAPMAN, Appellant, v. CITY OF LOS ANGELES (a Municipal Corporation), Respondent.

W. L. Pollard, S. L. Kurland and Don Kitzmiller for Appellant.

Ray L. Chesebro, City Attorney, and Frederick von Schrader, Assistant City Attorney, for Respondent.

WHITE, J.—Plaintiff and appellant Grace L. Chapman is, for the purpose of collection, the assignee of three taxpayers and property owners in the City of Los Angeles, who seek the return of moneys required to be paid, and which it is claimed were paid, under an assessment procedure initiated under the provisions of the statutes of 1913, page 954, designated as Act 8205, Deering's General Laws, and commonly referred to as the 1913 Street Improvement Act.   From a judgment in favor of defendant city, this appeal is prosecuted.

In contemplation of the proposed improvement, the assignors of appellant were each awarded damages in con-

sideration of the execution by each of them of a release and quitclaim in favor of the City of Los Angeles, discharging said city and its successors from all claims for damages of every nature which the property owners had or might have against the city by reason of the change of grade of the streets adjacent to the said assignors' property. The assignors were subject to an assessment levied against their respective properties for certain proposed improvements, consisting of paving sidewalks, grading, and incidental improvements upon and adjacent to their said properties. The assignors herein paid these assessments by offsetting them from the amount of damages theretofore awarded to them. Subsequently the improvement proceedings were abandoned, the bonds were canceled, and the city council ordered the return of all assessments paid. Property owners who had paid their assessments in cash were repaid the amount of such assessments, and those property owners who had received the full amount of their award and had permitted the assessment to go to bond received a cancellation of the bonds.

The appellant contends that the assessments paid by offset from an award of damages should be repaid upon an abandonment of the improvement and failure to proceed thereunder, pursuant to an ordinance of the city which provided that all assessments theretofore paid for said improvements should be returned.

Respondent, City of Los Angeles, concedes that if appellant's assignors had taken the full amount of their awards in cash, as they were legally entitled to do, and had thereafter returned in cash to the City of Los Angeles the amount of their respective assessments, they would be entitled without question to the return of said cash; but contends that an "offset" of the assessment is not equivalent to "payment". Respondent calls our attention to section 18 of the 1913 Street Improvement Act, providing that all funds collected under the act are to be placed "in a special fund designated by the number or name of the proceedings", and argues that since appellant's assignors paid no cash or money into this special fund, they were not entitled to receive, and therefore did not receive, anything from that special fund. In other words, if appellant's assignors had taken the full amount of their awards and after cashing the vouchers issued therefor, had handed back to the city in cash the amount of the

assessment, they would then have been entitled to receive back these cash payments when the proceedings were abandoned; but that because appellant's assignors permitted the city to deduct the amount of the assessment from their award, such ''offset'' does not entitle them to be repaid the amounts of these so-called ''offsets''.

With this contention of respondent we do not agree. In consideration of the award made to them, appellant's assignors parted with a valuable property right by selling to the city for the consideration named in the award a release and quitclaim of all damages which might or could arise by reason of a street improvement of a certain specified extent; in other words, the release represents a purchase by the city of an easement to cut the property adjacent to the property of appellant's assignors to an extent set forth in the specifications of said street improvement, and which right the city retains for all time. The mere fact that appellant's assignors deducted the amount of the assessment from the amount agreed upon between themselves and the city as the value of said property right does not take away the right of said persons to recover the sum so paid upon the abandonment of the improvement and the authorized refunding of assessments paid thereunder. To say that in order to secure a return of their money appellant's assignors would have to accept the full amount of their award and then return to the city the amount of their assessment, does violence to the provisions of section 3532 of the Civil Code, which reads, ''The law neither does nor requires idle acts.'' (See, also, *Commercial Nat. Bank* v. *Roberts,* 49 Cal. App. 764, 765 [194 Pac. 751]; *Christy* v. *Oakland Title I. & G. Co.,* 132 Cal. App. 315, 320 [22 Pac. (2d) 737], and cases therein cited.)

For the foregoing reasons, the judgment appealed from is reversed and the cause remanded.

York, P. J., and Doran, J., concurred.