[Civ. No. 11886. Second Appellate District, Division Two.—September 15, 1938.]

THE PEOPLE, Appellant, v. ONE 1936 PONTIAC SIX FOUR DOOR SEDAN, ENGINE No. 6–201840CM, Defendant; SAVAGE HALDEMAN COMPANY, Respondent.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Appellant.

Albert J. Signer for Respondent.

CRAIL, P. J.—This is an appeal from a judgment allowing a third party claim in the sum of $318.80, but otherwise forfeiting the car under the provisions of the state Narcotic Act.

In a complaint filed on behalf of the People by the attorney-general the appellant sought to have forfeited to it under the provisions of section 15 of the state Narcotic Act the vehicle mentioned in these proceedings for the reason that the vehicle was being used in violation of said act. The registered owner made no appearance. The respondent filed a verified third party claim which stated that the respondent sold said vehicle to the owner under a conditional sales contract, stated the amount due, and alleged, among other things, that prior to the sale of said automobile respondent made a reasonable investigation of the moral responsibility, character and reputation of the purchaser and was without any knowledge that said automobile was to be used in violation of the state Narcotic Act.

It is the contention of the appellant that there is no evidence to sustain the allegation that respondent was without any knowledge that said automobile was to be used in violation of the act.

Subdivision (e) of section 15 of the act provides that "the claimant of any right, title or interest in said automobile or other vehicle may prove his lien, mortgage, or conditional sales contract to be *bona fide* and that such right, title or interest was created after a reasonable investigation of the moral responsibility, character and reputation of the purchaser and without any knowledge that the automobile or other vehicle was being, or was to be, used for the purpose charged". It is well settled that the burden of proving such facts is upon the claimant. In the case of *People* v. *One LaSalle, etc.,* 23 Cal. App. (2d) 237 [72 Pac. (2d) 766], this court said: "This court there held that subdivision (f)

placed upon the claimant the burden of proving the three elements conjunctively enumerated in subdivision (e) and that, in absence of such proof, the trial court should find against the claimant on the element not proven, and enter judgment of forfeiture accordingly."

An examination of the record herein fails to reveal any testimony whatever that respondent was without any knowledge that the automobile was being or was to be used for the purpose charged. For this reason the judgment must be reversed. Appellant makes other contentions, but it is not necessary to discuss them for they will not appear upon a new trial.

Judgment reversed.

Wood, J., and McComb, J., concurred.