[Civ. No. 17395. Second Dist., Div. Three. July 7, 1950.]

THE PEOPLE, Appellant, v. ONE 1938 FORD SEDAN, ENGINE NO. ID 66852GG, Respondent.

Fred N. Howser, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Appellant.

John E. Walter for Respondent.

SHINN, P. J.—The question on this appeal is whether the trial court made a $199.88 mistake. The respondent, a bank, exercised good judgment in not filing a brief, inasmuch as it clearly appears from the record that the judgment is not in accordance with law.

The action is for the forfeiture of an automobile which was seized by the Division of Narcotic Enforcement while it was being knowingly used for the transportation of marijuana. The registered owner did not defend. The bank, holding a chattel mortgage upon which there was unpaid the sum of $199.88 answered, but failed to allege or prove at the trial facts which would have protected its lien, namely, that its mortgage interest was acquired after a reasonable investi-

gation of the moral responsibility, character and reputation of the purchaser (mortgagor). (Health & Saf. Code, §§ 11620, 11622.) The court found that the bank had made no such investigation, but nevertheless adjudged its lien to be valid and forfeited the title subject to the lien. The interest of the bank also should have been declared forfeited because of its failure to bring itself within the exception, stated in said code sections, under which the holder of a lien upon a vehicle which is subject to forfeiture may preserve his lien right. (*People v. One 1941 Buick Club Coupe,* 72 Cal.App.2d 593 [165 P.2d 44].)

The judgment is reversed with instructions to enter another judgment forfeiting the title to said vehicle unconditionally.

Vallée, J., concurred.

Wood, J., being disqualified, did not participate herein.