[L. A. No. 21572.   In Bank.   Dec. 15, 1950.]

THE PEOPLE, Appellant, v. ONE 1940 FORD V-8 COUPE, ENGINE NO. 18-5601077, Defendant; BANK OF AMER-ICA NATIONAL TRUST AND SAVINGS ASSOCIA-TION, Respondent.

Fred N. Howser, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Appellant.

Samuel B. Stewart, Jr., Hugo A. Steinmeyer, John E. Walter and Keith W. Miller for Respondent.

SHENK, J.—The State has appealed from a judgment in favor of Bank of America National Trust and Savings Association in a proceeding for the forfeiture of an automobile pursuant to the State Narcotics Act (Health & Saf. Code, § 11610 et seq.).

Notice of seizure and intended forfeiture proceedings was served on Nick G. Chronis, the registered owner of the designated Ford automobile, on Frank John Chronis, who is Nick's brother, and on the bank, based on an alleged unlawful transportation and possession of narcotics by Frank John Chronis while he had the use of the vehicle. Neither Nick nor Frank answered the notice. The bank filed an answer alleging that it was the legal owner of the vehicle and the holder of a conditional sales contract dated in August, 1948, on which the balance remaining unpaid was $467.92.

Section 11610 of the Health and Safety Code provides that a vehicle used as charged in the notice shall be forfeited to the state. Section 11620 provides that the claimant of any interest in the vehicle may "prove" that his lien or conditional sale contract was bona fide "and" that his interest was created after a reasonable investigation of the moral responsibility, character, and reputation of the purchaser and without any knowledge that the vehicle was being or was to be used for the unlawful purpose.

Section 11622 requires that in the event of "such proof" the vehicle shall be released to the lien claimant if the value is no greater than the lien, otherwise (§ 11623) it shall be sold and the proceeds distributed (§ 11625) first to satisfy the amount due the lien claimant.

The evidence as to the violation and of Frank's use of the automobile with Nick's consent is undisputed. Nor is it questioned that at the time its interest was created the bank was without knowledge that the vehicle was being or was to be used for the unlawful transportation or concealment of narcotics. The only ground of the appeal relates to the correctness of the findings of the trial court in respect to investigation prior to the creation of the bank's interest.

In its answer the bank did not allege that a reasonable or any investigation was made pursuant to section 11620. At the trial the bank sought and over objection was allowed to introduce evidence to prove that an investigation made at the time of the creation of the lien would have shown that Nick was a person of moral responsibility and of good repute. For this purpose Nick and his mother took the stand. From the mother's testimony it appeared that Nick and Frank were aged respectively 23 and 17 years; that Nick was of good moral character; that his reputation in the community for truth, honesty and integrity was good; and that the mother would have given such answers in an investigation had one been made at the time the lien was created. Both Nick and the mother testified that they had no knowledge of Frank's use of or traffic in narcotics.

The trial court found that the bank did not make any investigation of the moral responsibility, character and reputation of the registered owner; that the moral responsibility, character and reputation of Nick Chronis was good at the time of the creation of the bank's interest; but that such fact was not known to the bank before or at the time its interest was created. As support for the judgment in the bank's favor the court applied the provision of section 3532 of the Civil Code that the law neither does nor requires an idle act.

The State contends that error occurred in admitting the evidence objected to and that the judgment is not supported by the findings and conclusion.

Prior to 1933 there was no exception favorable to a lien claimant in the provisions for forfeiture of the vehicle when unlawfully used in the transportation or concealment of narcotics. (Stats. 1929, p. 380, § 15 at p. 388.) In 1933 section 15 was amended to except the lien claimant's interest from the forfeiture when there was proof of the prior reasonable investigation and other factors as required by the present code provisions.

It is conceded that there is no case holding that where no

prior investigation has been made the lien claimant's interest has been protected on the basis that if an investigation had been made it would have shown moral responsibility, good character and reputation on the part of the purchaser. On the contrary it has been held uniformly that a reasonable investigation prior to the creation of the lien must be proved with the other elements in order to save the lien claimant's right when the interest of the purchaser or registered owner is forfeited. ■ The statutory provisions require a reasonable investigation prior to the creation of the lien as one of the elements which must be *proved* before the court is permitted to release the claimant's interest from the forfeiture.

In *People* v. *One Harley-Davidson Motorcycle,* 5 Cal.2d 188 [53 P.2d 970], a judgment for the lien claimant was reversed where there had been no investigation of the purchaser's moral character and reputation and the only inquiry was to ascertain whether he was employed. That case was relied on in *People* v. *One Ford V8 Tudor Sedan,* 12 Cal.App.2d 517 [55 P.2d 908], to reverse a judgment for the lien claimant where no investigation was made.

In *People* v. *One Pontiac 8 Sedan,* 22 Cal.App.2d 503 [71 P.2d 302], a judgment adverse to the lien claimant was affirmed where no investigation had been made. The court rejected the claimant's contention that it was not required to prove the investigation unless the State produced evidence that such an investigation would have developed knowledge of the intended illegal use. On the authority of the Harley-Davidson and other cases it was held that the Legislature placed upon the lien claimant the burden of proof as to the elements conjunctively enumerated in the statute; that in the absence of such proof the trial court properly found against it; that although forfeitures are not favored and statutes are strictly construed against them, the language leaves no room for construction and the court could not rewrite the clear provisions under the guise of construing them. In reliance on that reasoning the court in *People* v. *One LaSalle Four Door Sedan,* 23 Cal.App. 2d 237 [72 P.2d 766], rejected a contention that the claimant was not required to prove an investigation in the absence of the State's production of evidence that by such reasonable investigation facts could have been discovered which would put a prudent person on inquiry as to the possible unlawful use of the automobile; and reversed the judgment for the claimant. (See, also, *People* v. *One 1936 Pontiac 6 Four Door Sedan,* 28 Cal.App.2d 410 [82 P.2d 706].) Again in *People*

v. *One 1939 Buick 8 Coupe,* 43 Cal.App.2d 411 [110 P.2d 1013], where judgment for the lien claimant was reversed, it was held that the burden of proving the fact and the extent of the investigation was upon the lien claimant. It was said that because of the public interest in the character of the purchasers of automobiles the proof was insufficient where the investigation was no more than would have been done if the contract had been for the purchase of a piano or a refrigerator. That case, among others, was followed in *People* v. *One 1937 Packard,* 50 Cal.App.2d 761 [123 P.2d 900], where a judgment for the finance company was reversed because there had been no prior investigation of the purchaser's moral character and reputation. It was stated that the investigation of a prospective purchaser of an automobile was not alone for the protection of the investment of the seller or the institution financing the sale; that the Legislature had said in effect that the public also has an interest in the character of persons who may acquire automobiles; that the purpose of the law was to keep automobiles out of the possession of those who might use them for unlawful purposes and that this was one of the methods devised to aid in crime prevention.

In construing the statutory provisions a court is not authorized to insert qualifying provisions not included and may not rewrite the statute to conform to an assumed intention which does not appear from its language. The court is limited to the intention expressed. (*Seaboard Acceptance Corp.* v. *Shay,* 214 Cal. 361, 365-366 [5 P.2d 882] ; *People* v. *One 1941 Buick 8 Four Door Sedan,* 63 Cal.App.2d 661, 667 [147 P.2d 401].)

The bank places reliance on such cases as *People* v. *One 1937 Plymouth 6 4-Door Sedan,* 37 Cal.App.2d 65 [98 P.2d 750] (see, also, *People* v. *One 1941 Buick Sport Coupe,* 28 Cal. 2d 692 [171 P.2d 719]), where an exception is claimed to have been read into the statute. Accordingly it is argued that the court may likewise declare an exception dispensing with the requirement for prior investigation and absolve the bank from the requirement where it later shows by undisputed evidence that at the time of the creation of the lien the purchaser had a good moral character and reputation.

The exception declared in the 1937 Plymouth case involved a violation of the Narcotics Act by the driver of a stolen vehicle. The State's forfeiture rights as against the owner were in question. It was held that forfeiture in such a case would be an arbitrary act of government in violation of the

constitutional guaranties of due process. It was pointed out that the line of demarcation under the due process clause was whether the owner had consented to the use of his property.

To escape the application of the constitutional provision and to justify the forfeiture there must be some connection, either by agency, consent to operate or control the vehicle, or knowledge, negligence or connivance between the owner and the person committing the crime. (*People* v. *One 1941 Buick Sport Coupe, supra,* 28 Cal.2d 692, 695, and cases cited.) The argument that such a defense would open the way to collusion and perjury in an attempt to defeat forfeiture was answered by the observation that the problem was one to be resolved by the trial court's careful scrutiny of the evidence and the witnesses, to the end that there be no arbitrary invasion by the Legislature of constitutionally protected property rights.

There are no constitutional obstacles to the application of a provision for forfeiture of all the rights of an owner who has consented to the use of his automobile even though he had no knowledge of the unlawful use. (*Van Oster* v. *Kansas,* 272 U.S. 465 [47 S.Ct. 133, 71 L.Ed. 354] ; *People* v. *One 1941 Ford 8 Stake Truck,* 26 Cal.2d 503 [159 P.2d 641] ; *People* v. *One 1933 Plymouth Sedan,* 13 Cal.2d 565 [90 P.2d 799] ; *People* v. *One Ford V8 Tudor Sedan, supra,* 12 Cal.App.2d 518.) The undisputed evidence here is that Nick the owner consented to Frank's use of the car. The bank's connection arises from its contractual relationship with the owner. The Legislature provided prior to 1933 that the bank's interest would be forfeited with that of the owner, probably on the theory that the contractual relationship made it subject to the regulation. The present statute removed the rigors of its predecessor by providing that the lien claimant may prevent a forfeiture of its interest by compliance with the statutory requirements. (*People* v. *One 1941 Buick Club Coupe,* 72 Cal.App.2d 593 [165 P.2d 44] ; *People* v. *One 1938 Ford Sedan* (July 7, 1950), 98 Cal.App.2d 333 [219 P.2d 839].)

Since the investigation was not made, its interest is forfeited with that of the owner and the provision of section 3532 of the Civil Code cannot avail to prevent it.

In this application of the present statute its express terms may not be nullified or defeated by a maxim or a fiction. (*Lass* v. *Eliassen,* 94 Cal.App. 175 [270 P. 745] ; *Moore Grocery Co.* v. *Los Angeles Nut House,* 90 Cal.App. 792 [266 P. 583].) It is true that in dealing with contractual rights and in some

other special instances, the failure to observe a preliminary requirement has been obviated by the application of the maxim that the law does not require an idle act. (See *Voorhees* v. *Morse*, 1 Cal.2d 179, 192 [34 P.2d 153]; *Carpenter* v. *Pacific Mutual Life Ins. Co.*, 10 Cal.2d 307, 339 [74 P.2d 761]; *Turton* v. *Shinn*, 32 Cal.App. 751-756 [164 P. 38]; *Commercial National Bank of Los Angeles* v. *Roberts*, 49 Cal.App. 764, 765 [194 P. 751].) But here the Legislature has said that the policy of crime prevention is in part served by withholding automobiles from use by narcotics law violators through the means of inquiry into the moral character of the purchaser prior to affording assistance by the lenders of funds. In furtherance of this policy the Legislature has placed on the lender the burden of making prior reasonable inquiry if he wishes to prevent forfeiture of his interest in the event of the subsequent unlawful use of the vehicle. Inquiry prior to entering into the contract is thus related to the legislative purpose and if reasonably pursued would produce the facts as to the moral responsibility, character and reputation of the purchaser. Such investigation may not be said to be an idle act even though the proof at the trial may be entirely in his favor. The Legislature intended that the function of ascertaining the facts be exercised in the first instance by the lender in pursuing his investigation, and that only the question of reasonableness of the pursuit be left to the court. In *Van Oster* v. *Kansas, supra* (272 U.S. 465), declaring that certain uses of property may be regarded as so undesirable that the owner surrenders control of it at his peril, it was said: "The law thus builds a secondary defense against a forbidden use and precludes evasions by dispensing with the necessity of judicial inquiry as to collusion between the wrongdoer and the alleged innocent owner. So here the Legislature, to effect a purpose clearly within its power, has adopted a device consonant with recognized principles and therefore within the limits of due process." That declaration applies to the provision for investigation by the seller or lender prior to the creation of an interest in the automobile delivered to a purchaser or borrower. The Legislature has constitutionally provided against the necessity of judicial inquiry into the possibility of collusion between the lender and the purchaser as to the latter's fitness to be entrusted with the vehicle, by placing the burden of inquiry upon the lien claimant prior to the creation of his interest. This court in *People* v. *One 1941 Ford 8 Stake Truck, supra* (26 Cal.2d at pp. 507-508), rec-

ognized in the statutory provisions under consideration the legislative conclusion that the traffic in narcotics with its disastrous effect upon the unfortunate members of society is such an evil as to justify the penalty of confiscation of vehicles used to transport the contraband. As stated the statute affords the lien claimant the opportunity to protect his interest and when he fails to do so, he may not complain that his constitutional rights are invaded by the forfeiture of his interest in a case such as this.

The judgment is reversed.

Gibson, C. J., Edmonds, J., Traynor, J., and Spence, J., concurred.

CARTER, J.—I dissent.

I cannot agree with the conclusion reached by the majority, nor can I agree with the reasoning upon which that conclusion is based.

Under section 11620 of the Health and Safety Code, the claimant of an interest in a vehicle may prove, in a proceeding to forfeit the vehicle on the ground that it was used in violation of the narcotics laws, that his lien, mortgage, or conditional sales contract is bona fide and that it ''was created after a reasonable investigation of the moral responsibility, character, and reputation of the purchaser, and without any knowledge that the vehicle was being, or was to be, used for the purpose charged.'' In the event of such proof the security interest shall not be forfeited. (Health & Saf. Code, § 11622.)

The trial court found that the respondent, the Bank of America, had an interest in the automobile which is the subject of this proceeding at the time of its seizure; that the interest of the bank was bona fide and was created without any knowledge that the vehicle was to be used in violation of the narcotics laws; and that the bank did not make any investigation of the moral responsibility, character and reputation of the registered owner and purchaser of the automobile (Nick Chronis) before the bank's interest was acquired. The court also found, on substantial evidence, that the moral responsibility, character and reputation of the registered owner was good at the time of the creation of the bank's interest, but that such fact was not known to the legal owner (the bank) at that time. The court concluded that section 11620 of the Health & Safety Code is not applicable and that a reasonable investigation need not be shown by the legal owner since the

moral responsibility, character and reputation of the registered owner was good and since under section 3532 of the Civil Code the law neither does nor requires idle acts. The judgment decreed that the bank has a valid interest in the vehicle in the sum of $442.92 and that the vehicle is forfeited to the state subject to the interest of the bank.

The issue, then, may be simply stated: Is the interest of the legal owner of an automobile, created bona fide and without knowledge that the vehicle was being, or was to be, used in violation of the narcotics laws, to be forfeited to the state where the legal owner failed to make an investigation as to the moral character of the registered owner but where such an investigation would have revealed that the latter did in fact have a good moral character? I am of the opinion that that question must be answered in the negative and that the judgment in favor of the bank should be affirmed.

There does not appear to be any decisions holding that the legal owner's interest is forfeited where a useless investigation is not made. The cases cited in the majority opinion (*People* v. *One Pontiac 8 Sedan,* 22 Cal.App.2d 503 [71 P.2d 302]; *People* v. *One 1939 Buick 8 Coupe,* 43 Cal.App.2d 411 [110 P.2d 1013]; *People* v. *One 1936 Pontiac 6 Sedan,* 28 Cal.App. 2d 410 [82 P.2d 706]; *People* v. *One LaSalle Sedan,* 23 Cal. App.2d 237 [72 P.2d 766]) merely hold that the burden of proving the facts necessary to avoid a forfeiture rests upon the lien claimant. There is no question here as to the burden of proof. The facts claimed to establish the bank's right to maintain its interest as against the state have been proved (that is, that an investigation would have been an idle act) and the only remaining issue is the legal sufficiency of those facts to avoid a forfeiture of the bank's interest. The decisions holding that the state need not establish that an investigation would have revealed information as to the intended use of the vehicle are not authority for the proposition accepted by the majority that proof by the lien claimant that an investigation would have been an idle act is not a defense to a forfeiture proceeding. Neither are the cases in point which declare the interest of the legal owner forfeited where the latter offered insufficient evidence or no evidence at all that a reasonable investigation was made or that such an investigation would have been useless. (As in *People* v. *One Harley-Davidson Motorcycle,* 5 Cal.2d 188 [53 P.2d 970]; *People* v. *One 1938 Ford Sedan,* 98 Cal.App.2d 333 [219 P.2d 839]; *People* v. *One 1937 Packard 6 Sedan,* 50 Cal.App.2d 761 [123

P.2d 900] ; *People* v. *One 1938 Buick Sedan,* 39 Cal.App.2d 42 [102 P.2d 447] ; *People* v. *One Packard 6 Sedan,* 26 Cal. App.2d 150 [79 P.2d 130] ; *People* v. *One Lincoln Eight,* 12 Cal.App.2d 622 [55 P.2d 925] ; *People* v. *One Ford V8 Sedan,* 12 Cal.App.2d 517 [55 P.2d 908].) In fact, in several of those cases it was apparent that an investigation would have disclosed the bad moral character and reputation of the registered owner. (*People* v. *One Harley-Davidson Motorcycle,* *supra,* 5 Cal.2d 188, 189; *People* v. *One 1938 Buick Sedan,* *supra,* 39 Cal.App.2d 42, 50.)

In my opinion the trial court properly applied the maxim that the law does not require idle acts. That doctrine is not limited to matters dealing with contractual rights, but it has also been invoked in many cases involving questions of compliance with statutes and statutory construction in order to avoid absurd results. (*Carpenter* v. *Pacific Mut. Life Ins. Co.,* 10 Cal.2d 307, 339 [74 P.2d 761] ; *Voorhees* v. *Morse,* 1 Cal.2d 179, 192 [34 P.2d 153] ; *Savings Bank of San Diego County* v. *Barrett,* 126 Cal. 413 [58 P. 914] ; *Chapman* v. *City of Los Angeles,* 26 Cal.App.2d 186 [79 P.2d 128] ; *Arnaudo* v. *Superior Court,* 20 Cal.App.2d 671 [67 P.2d 700] ; *Scott* v. *Superior Court,* 125 Cal.App. 513 [14 P.2d 99] ; *Isleton Canning Co.* v. *Superior Court,* 104 Cal.App. 687 [286 P. 447] ; *Pacific Gas & Elec. Co.* v. *Universal Elec. & Gas Co.,* 94 Cal. App. 343, 348 [271 P. 377] ; *Kistner* v. *Pomeroy,* 84 Cal.App. 550 [258 P. 619] ; *People* v. *Putty,* 64 Cal.App. 519 [222 P. 158] ; *Maionchi* v. *Nicholini,* 1 Cal.App. 690 [82 P. 1052].) The majority opinion states that the ''express terms (of the present statute) may not be nullified or defeated by a maxim or a fiction.'' Yet it is conceded that the express terms of the statute have not been applied where the result would be to deprive the registered owner of his property without due process of law. Thus, a judgment decreeing forfeiture of the interests of both the registered and the legal owner was reversed in *People* v. *One 1941 Buick Sport Coupe,* 28 Cal.2d 692 [171 P.2d 719], where the registered owner, who was then in control of the automobile, had no knowledge that an occupant of the automobile was carrying narcotics. In that case the trial court had found that the legal owner had made no investigation of the moral responsibility, character and reputation of the registered owner before the conditional sale contract was executed and the appeal was on the judgment roll. Similarly, a judgment denying forfeiture was affirmed in *People* v. *One 1937 Plymouth 6 Sedan,* 37 Cal.App.2d 65

[98 P.2d 750], where the automobile was being used without the consent of the registered owner. The court rejected the contention that the defenses available to the legal owner were restricted to those specified in the statute and it refused to consider the reasonableness of the investigation conducted by the legal owner, holding that the Legislature did not intend to cause a forfeiture of the lien claimant's interest in the absence of a proper case for forfeiture of the purchaser's interest. It was said that "The contention of appellant if correct would result in the return of the automobile or vehicle to the purchaser and the destruction of the lienholder's interest therein. Such a result is absurd and would serve no useful purpose whatever." (*People* v. *One 1937 Plymouth 6 Sedan, supra*, 37 Cal.App.2d 65, 73.) Although these two decisions are based upon the principle, as applied to the rights of the *registered owner*, that a statute should be construed so as to avoid an unconstitutional application if possible (see *People* v. *One 1941 Ford 8 Stake Truck*, 26 Cal.2d 503, 506 [159 P.2d 641]), and even though it be assumed that there are no constitutional obstacles present here, nevertheless such cases illustrate that it is not true that the literal language of the forfeiture provisions of the Health and Safety Code is always to be strictly followed, regardless of the consequences, in determining the rights of the *legal owner*. The principle pertinent here is that, whenever possible, a statute should be construed so as to avoid absurd results. (23 Cal.Jur. 766.) As was said in *Dempsey* v. *Market Street Ry. Co.*, 23 Cal.2d 110, 113 [142 P.2d 929], "it is . . . well settled that statutes and even constitutional enactments must be given a reasonable interpretation, and that a literal construction which will lead to absurd results should not be given if it can be avoided." Similar expressions may be found in many cases. (*Metropolitan Water Dist.* v. *Adams*, 32 Cal.2d 620, 630-631 [197 P.2d 543]; *Warner* v. *Kenny*, 27 Cal.2d 627, 629 [165 P.2d 889]; *Reuter* v. *Board of Supervisors*, 220 Cal. 314, 321 [30 P.2d 417]; *Robbiano* v. *Bovet*, 218 Cal. 589, 595 [24 P.2d 466]; *Holmes* v. *Hughes*, 125 Cal.App. 290, 295 [14 P.2d 149].)

The majority opinion intimates that the legislative policy established by sections 11620 and 11622 of the Health and Safety Code is to withhold automobiles from use by narcotics law violators by inquiry on the part of sellers and mortgagees into the moral character of purchasers and mortgagors of automobiles and that the decision of the trial court would

subvert this policy. Two answers to this proposition are readily apparent. First, it is established in this case that the registered owner, Nick Chronis, had a good moral character and he did not violate the narcotics laws in this instance. The offender was Frank Chronis, who was using the automobile with the permission of Nick. If the bank had performed the idle act of making an investigation of the character and reputation of Nick before creating its interest, it would have been justified in extending credit to Nick and there would then be no question as to the validity of the bank's claim. Hence, such an investigation would not have accomplished the supposed purpose of withholding automobiles from use by persons who violate the narcotics laws. It is evident that the bank's failure to make the investigation had nothing whatsoever to do with the violation of the law in this case. Secondly, it is not to be supposed that the Legislature intended to place in the hands of private financial organizations general problems of crime prevention and the specific matter of keeping automobiles out of the possession of narcotics law violators. If the Legislature had intended to accomplish the latter object it would have placed the matter within the jurisdiction of an appropriate public agency equipped with facilities to investigate the use of motor vehicles and authorized to deal with narcotics law offenders.

The logical consequence of the majority opinion is that the interest of the legal owner will be lost in a forfeiture proceeding if the legal owner did not go through the motions of conducting a useless investigation, even though the legal owner knew that the moral character and reputation of the registered owner was good because of a personal acquaintance with the latter (see *People* v. *One 1939 Plymouth 6 Coupe,* 41 Cal.App. 2d 559 [107 P.2d 266]) or by reason of information volunteered by a third person (see *People* v. *One 1939 Buick Coupe,* 56 Cal.App.2d 163 [132 P.2d 308]). I believe that such an unreasonable interpretation of the statute is neither necessary nor desirable.

For the foregoing reasons, I would affirm the judgment.

Schauer, J., concurred.