Filed 3/20/24  County of San Diego v. D.L. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SAN DIEGO, | D081738 |
| Respondent, | |
| v. | (Super. Ct. No. DF215239) |
| D.L. | |
| Appellant; | |
| S.H., | |
| Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Deborah A. Cumba, Commissioner.  Affirmed.

D.L., in pro. per., for Appellant.

Rob Bonta, Attorney General, Cheryl L. Feiner, Assistant Attorney General, Maureen C. Onyeagbako and Darin L. Wessell, Deputy Attorneys General, for Respondent, County of San Diego.

Lehr Law and Jessica E. Lehr for Respondent, S.H.

Relying on his inability to find work and zero percent custody timeshare, D.L. (Father) filed a request for order (RFO) seeking to modify his child support obligations regarding his daughter, A.L. The trial court denied the RFO, finding no change in circumstances and leaving in place the existing child support order imputing a full-time minimum wage.[2] Father challenges that ruling on various grounds, all of which we reject.

First, Father asserts that by imputing income to him, the trial court failed to implement the statewide uniform guideline for child support in Family Code section 4050 et seq.[3] This claim lacks merit because "[i]n determining a parent's income for purposes of calculating guideline child support," section 4058, subdivision (b) authorizes a trial court to "impute to that parent an income different from his or her actual income—i.e., an income amount that corresponds with that parent's earning capacity." (*In re Marriage of Sorge* (2012) 202 Cal.App.4th 626, 642–643.)

Second, Father contends the trial court did not apply the proper burdens of proof and production because he offered evidence of his lack of income, while the County of San Diego (County) and A.L.'s mother, S.H. (Mother), did not produce any evidence to support the existing amount of child support. However, the County and Mother were not required to produce any evidence because Father, as the party seeking to reduce child support,

---

[1]    This case is appropriate for resolution by memorandum opinion because it raises "no substantial issues of law or fact." (Cal. Stds. Jud. Admin., § 8.1; see *People v. Garcia* (2002) 97 Cal.App.4th 847.)

[2]    The prior order was entered on October 17, 2022, and the order from which Father appeals was entered on February 23, 2023.

[3]    Subsequent undesignated statutory references are to the Family Code.

bore the burden to show changed circumstances and " 'a *lack* of ability and opportunity to earn income.' " (*In re Marriage of McHugh* (2014) 231 Cal.App.4th 1238, 1246–1247.) Additionally, Father is effectively arguing there was insufficient evidence to permit a finding that he had the opportunity to work full-time, and we cannot consider this claim on appeal given Father's election to proceed without a reporter's transcript[4] and the absence of any apparent error in the record. (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992 ["Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*."].)

Third, Father argues he is immune from child support because he does not have custody of A.L., relying on Civil Code section 3526, which states, "No man is responsible for that which no man can control." Civil Code section 3526 is a maxim of jurisprudence intended to aid in the just application of the Civil Code. (Civil Code, § 3509.) Father's obligation to support A.L. is set forth in the Family Code, arising from the parent-child relationship without a prerequisite of control or custody (see Family Code, §§ 3900, 3901, 4053), and that statutory obligation may not be nullified by a legal maxim. (See *People v. One 1940 Ford V-8 Coupe* (1950) 36 Cal.2d 471, 476.) In fact, Father's lack of physical responsibility for A.L. weighs in favor of requiring him to pay child support. (§ 4053, subds. (b) & (i).)

Finally, Father claims the trial court's alleged errors violated his constitutional rights to due process of law and equal protection. Having found

---

[4]     In designating the record on appeal, Father checked a box indicating that he chose to proceed on appeal "WITHOUT a record of oral proceedings (what was said at the hearing or trial) in the superior court."

no error as discussed above and lacking a reporter's transcript to review what transpired at the hearing, we likewise reject these claims as unsupported.

## DISPOSITION

The February 23, 2023 order is affirmed.  The County and Mother are entitled to costs on appeal.

DATO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


BUCHANAN, J.

4